### COMMONWEALTH *vs.* SYLVESTER C. HENRY.

A justice of the peace, who was also a trial justice, issued a warrant, after *St* 1850, *c.* 314, took effect, commanding a party charged with a crime to be brought before himself, or some other justice of the peace for the county; the defendant was brought before him, and tried and convicted before him, acting as trial justice, and appealed. It was held, that the defendant could not, on the trial of the appeal, object to the irregularity in the form of the warrant, it not appearing from the records or papers, that he took any such objection before the justice.

THIS was a complaint for an assault and battery, and was addressed "to James W. Crooks, Esq., one of the justices of the peace within and for the county of Hampden." Crooks administered the oath to the complainant, as "justice of the peace;" and issued a warrant, signed by himself, as "justice of the peace," requiring the officers, to whom it was directed, to bring the defendant before "the subscriber, or some other justice of the peace within and for said county." At the time of issuing this warrant, Crooks held commissions both of justice of the peace and of trial justice, for the county of Hampden. The officer's return was in these words: "I have arrested the body of the within named Sylvester C. Henry, and have him before James W. Crooks, Esq., for examination." The record of the trial before the justice commenced with these words: "At a justice's court, holden before me, the subscriber, one of the trial justices within and for the said county of Hampden;" and was signed by Crooks, as "trial justice." The defendant pleaded that he was not guilty; and, being tried and convicted before the justice, appealed to the court of common pleas.

In that court, the defendant moved that the proceedings be quashed, because the warrant did not conform to the provisions of *St.* 1850, *c.* 314, § 4, and therefore the justice had no jurisdiction of the case, and the proceedings before him were void. But the presiding judge, (*Byington,* J.) being of opinion that the justice had jurisdiction of the subject matter of the complaint, and it not appearing by the papers in the case, that any objection was taken before the justice, refused to quash the proceedings, and the case proceeded to trial, The defendant, being convicted, alleged exceptions.

*E. W. Bond,* for the defendant. There is no evidence that the defendant did not object to the validity of the warrant at the time of his arraignment before the justice. The pleadings before a justice being generally oral, in criminal as well as in civil cases, it is not to be presumed that the objection was not taken, because it does not appear by the papers in the case. But if the objection was not raised before the justice, this fact cannot operate as a waiver of the defect. *Commonwealth* v. *Doty,* 2 Met. 18.

*Clifford,* attorney general, for the commonwealth.

METCALF, J. It is provided, by *St.* 1850, *c.* 314, § 4, that any justice of the peace may receive a complaint and issue a warrant, in a criminal case, as heretofore, but that the warrant, so issued, shall require the officer, who serves it, to carry the party, therein directed to be arrested, before a trial justice, who is authorized to proceed as though the warrant had been issued by a trial justice. In the present case, the complaint was made to Mr. Crooks, as justice of the peace; he signed the warrant as justice of the peace; and therein commanded that the defendant should be brought before him or some other justice of the peace, within and for the county of Hampden. The complaint was rightly made; but the warrant was irregular. Mr. Crooks, however, was a trial justice, as well as a justice of the peace, and had jurisdiction of the offence with which the defendant was charged in the complaint; the defendant was carried before him; and he acted in the matter as a trial justice. It does not appear, and we cannot presume, that the defendant took any exception to the warrant in the justice's court. He pleaded not guilty. On that plea he was tried and convicted; and, on bringing his case, by appeal, into the court of common pleas, he there, for the first time, objected to the irregularity of the warrant.

As the magistrate had jurisdiction, and every thing was right, except the process, we are of opinion that the defendant, by not objecting to the process while before the magistrate, waived all objections to it, and that the ruling of the court of common pleas were correct. See *Mc Call* v. *Parker,* 13 Met. 372.                    *Exceptions overruled.*