## STATE v. THAD. CALE.

(Filed 10 March, 1909.)

1. **Pleas—Former Conviction—Nature of Action—"Not Guilty"— Joinder of Action—Agreement.**

    The plea of former conviction is not treated in many respects as one involving the substantial question of guilt or innocence, but as one approaching more nearly the determination of a civil issue, and such plea with that of "not guilty" may, upon agreement of parties, be determined before one and the same jury.

2. **Process, Defective—Warrant—Arrest—Special Officer, Appointment of—Waiver—Jurisdiction—Judgment Valid.**

    Defective process, by reason of a warrant of arrest not being signed or the deputation of a special officer not being in writing (Revisal, secs. 3158, 985), may be waived by the appearance of the prisoner before a court having jurisdiction which decides the case; and whatever may be the rights of the defendant against the officers making the arrest, the validity of the judgment is not thereby affected.

3. **Judgments—Collusion, What is Not—Validity of Trial—Pleas— Former Conviction.**

    A conviction before a justice of the peace is not objectionable upon the ground that it is collusive and not adversary, when it appears that the defendant informed the magistrate that he had had a fight and would have to suffer for it; that he requested him to set a time for trial convenient to his work; that affidavit was made, at the justice's instance, by a third party, several eyewitnesses were summoned and examined at the trial, and the assaulted party and his brothers, who were eyewitnesses, were notified of the time and did not appear, though waited for; and the validity of this trial will be upheld and the plea of former conviction of the same offense sustained. (*State v. Moore*, 136 N. C., 581, cited and distinguished.)

INDICTMENT for assault with deadly weapon on one Grover Harrell, tried before *W. R. Allen, J.,* and a jury, at September Term, 1908, of EDGECOMBE.

Defendant entered the plea of "not guilty" and "former conviction," it having been agreed by consent that the two pleas could be heard together. After the evidence was all in, there being no material dispute in the same on the question of former conviction of simple assault, it was further agreed that the court

should submit the question of assault with a deadly weapon to the jury and take a verdict thereon, subject to the determination of the plea of former conviction by the court as on facts agreed, in case there was a verdict of simple assault only. The jury rendered a verdict of not guilty of assault with a deadly weapon, but guilty of simple assault; thereupon the court found the facts as to the alleged former conviction, and the same seem to be correctly epitomized in the following statement:

The defendant had a fight with one Grover Harrell, in No. 9 Township, on 14 March, 1908. On 15 March, 1908, the defendant saw J. L. D. Corbett, a justice of the peace, and told him that he had a fight and expected he would have to pay for it, and asked that, if a warrant was issued for him, the justice would make it returnable about 12 o'clock M., as he and his hands were at work in the woods and would be at home at that time for dinner. He also gave the names of those present at the fight, among which was the name of Silas Crisp, who worked with the defendant and who is a cousin of the prosecuting witness, Grover Harrell. During the morning Crisp was seen by the justice in the town and required to make the usual affidavit upon which to have a warrant for an affray. The usual warrant was issued, but, while Crisp actually swore to the affidavit, neither he nor the justice signed the affidavit or warrant. There being no constable or other officer in said township authorized to serve process, the justice delivered the warrant to one Walston, directing him to summon the prosecuting witness, Grover Harrell, and also his brother, who was at the fight, and his father, as well as the witnesses for the defendant. Walston went to the house of the prosecuting witness with the warrant, and upon the return reported to the justice that the Harrells said they would not attend. Neither the authority to Walston to execute nor his return were in writing. The defendant was not arrested, but while Walston had gone to summon the witnesses the justice saw the defendant and informed him of the warrant and the time of trial, and the defendant voluntarily attended. The justice delayed the trial until 2 o'clock P. M. to see if the prosecuting witness would attend. He did not appear, and the justice examined several witnesses who saw the

fight, two of whom were not related to the defendant, but were cousins of the prosecuting witness. He also examined Dr. C. B. Walton, who had seen and talked with the prosecuting witness since the fight, and, upon the testimony of all these, adjudged the defendant guilty and that he pay a fine of $1 and $6.65 costs. This judgment was in writing and signed by the justice, and was paid. The witnesses examined by the justice were defendant's witnesses in this trial, and the justice who tried him was his friend in the Superior Court and aided his counsel in the trial and was surety for his appearance at September Term, 1907.

Upon these facts the court overruled the plea of former conviction, and, on the verdict of guilty rendered by the jury, imposed a fine of $1, and defendant excepted and appealed.

*Attorney-General* for the State.
*G. M. T. Fountain* for defendant.

HOKE, J., after stating the case: According to the strict rules of criminal procedure, the pleas of "not guilty" and "former conviction" could not be entertained and determined before one and the same jury; and it is further recognized and established that, on a plea of former conviction, when material questions of fact are involved in the issue, as in the case of dispute as to the identity of the parties, the determination of such plea is for the jury. But, as shown in a learned opinion by the present Chief Justice, in *State v. Ellsworth,* 131 N. C., 773, the plea of former conviction is not treated in many respects as one involving the substantial question of guilt or innocence of defendant, but as one approaching more nearly the determination of a civil issue, and by consent it may be entertained and determined at the same time with a plea of not guilty, and, when so agreed upon, may be heard and decided by the court. There was no error, therefore, in the method by which the cause has been determined. *State v. Taylor,* 133 N. C., 755; *State v. White,* 146 N. C., 608; *State v. Ellsworth,* 131 N. C., 773; *State v. Akerman,* 64 N. J. L., 99.

While we hold that the proceedings below have been in all respects regular, we do not take the same view of the facts

relevant to defendant's plea of former conviction which seems to have impressed the learned judge who tried the cause below. From the facts it appears that defendant, convicted and fined in the present proceedings for a simple assault on Grover Harrell, has heretofore been convicted and fined for the same offense before a justice of the peace, and has paid the fine and the costs incident to that prosecution. The justice's court had jurisdiction of the crime, the parties and the offense are the same, and, unless the proceedings before the justice were a nullity, the defendant has a constitutional right to go quit of further molestation by reason of this charge. A second conviction in such case would be contrary to the law of the land.

True, the warrant of the justice was unsigned and the deputation of the special officer was unwritten, and the statute in express terms requires the one (Revisal, sec. 3158), and by fair intendment would seem to require the other (Revisal, sec. 935), certainly when the precept is written, and, except in cases of great emergency, this last form should be observed; but both of these requirements are for the better protection of the officers, general or special, and for the protection and security of the defendant. When considered in reference to process by which a defendant may be brought into court on a criminal charge, they may be waived by him; and if a defendant voluntarily appears or is forcibly brought before a court having jurisdiction to hear and determine the cause, and such court does hear and decide it, whatever may be the rights of the defendant against the officers, in the absence of other objection, the defects suggested in the process do not in any way affect the validity of the judgment rendered. *Commonwealth v. Henry,* 61 Mass., 512; Bishop's New Criminal Procedure, sec. 235, subsec. 1; 12 Cyc., 303.

In *Commonwealth v. Henry, supra, Metcalf, J.,* for the Court, said: "As the magistrate had jurisdiction, and everything was right except the process, we are of opinion that the defendant, by not objecting to the process while before the magistrate, waived all objections to it, and the ruling of the court was correct."

And in Bishop, *supra,* the author says: "From the principles

stated, it seems, if a warrant of arrest is insufficient or void, yet, if the accused person is brought before the magistrate under it, he is not therefore to be set at liberty, whatever may be his rights as against the officer and others connected with its proceedings."

Nor do we think it permissible to hold the proceedings before the justice void, under the doctrine recognized and applied with us in the case of *State v. Moore,* 136 N. C., 581, to the effect that a conviction of a person before a justice of the peace which is collusive and not adversary is void. In that case it appeared and was admitted that defendant swore out a warrant against himself, and that the justice, without notice to the injured party or to anyone else, and without hearing any evidence except defendant's own statement, disposed of the case. And on these facts *Justice Walker,* in his well-considered opinion, states the principle and the reason upon which it is properly made to rest, as follows: "If one procures himself to be arrested and prosecuted for an offense which he has committed, thinking to get off with a slight punishment and to bar any future prosecution carried on in good faith, and if the proceeding is really instituted and managed by himself, he is, while thus holding his fate in his own hand, in no jeopardy. The State is no party in fact, but only such in name. The magistrate, under such circumstances, adjudicates nothing. 'All is a mere puppet show, and every wire is moved by the defendant himself.' The judgment, therefore, is a nullity and is no bar to a real prosecution. 1 Bishop's Cr. Law (6th Ed.), sec. 1010. In *Holloran v. State,* 80 Ind., 586, the Court fully sustains and approves the doctrine as thus substantially laid down by Bishop, and adds: 'If the whole case is controlled and managed by the accused, there are no adverse parties, and when this is so, there cannot in the true sense of the term be a former conviction or acquittal.' "

But no such facts are presented in the case we are considering. It is true, the defendant is said to have first notified the magistrate of the occurrence, but the case states the facts as to this notice to be that defendant told the justice he had had a fight and would have to suffer for it, and only asked if a warrant was issued it would be made returnable at 12 o'clock, as

defendant and his hands would at that hour be in from the woods, where they were at work. The affidavit was made, at the instance of the justice, by one Crisp, who is marked on the warrant as a State's witness, several eyewitnesses of the occurrence were summoned and examined, and Grover Harrell, the assaulted party, and his brothers, who had been present at the fight, and his father, were notified to attend, and the case was delayed some time for their coming; and, referring to the trial, the case further states: "None of them (Grover Harrell, his brothers, etc.) appeared, and the justice examined several witnesses who saw the fight. Two of them were not of kin to the defendant, but were cousins of Grover Harrell, and also Dr. C. B. Walton, who had seen and talked with Grover Harrell since the fight occurred." And thereupon defendant was adjudged guilty and that he pay a fine of $1 and costs amounting to $6.65. As the case appears to us, there was no evidence of collusion, and there does not seem, wittingly or unwittingly, to have been any imposition, for the court made the same disposition of the case as the trial justice. We are of opinion, therefore, and so hold, that there was a valid trial and disposition of this cause before the justice of the peace; and, on the facts presented and agreed upon, the plea of former conviction should have been determined in defendant's favor.

This will be certified, to the end that the verdict of guilty rendered by the jury be set aside, the plea of former conviction sustained, and that defendant go without day. *State v. Taylor, supra.*

Reversed.

WALKER, J., concurs in result.