STATE v. T. R. TURNER.

(Filed 17 November, 1915.)

**1. Criminal Law—Municipal Courts—Chief of Police—Process.**

Where the statute provides that process of a municipal court "shall be issued by either the judge of said court or by the chief of police, the same to be issued on affidavit and returned forthwith to the court," the authority given the chief of police to issue process inferentially confers on him the power to pass upon the sufficiency of the complaint as basis for a warrant and to administer the oath before issuing the process.

**2. Criminal Law—Quashing Indictments—Process—Amendments—New Bill—Courts.**

A defective process may be amended by the court having charge of the criminal case wherein an arrest has been made; and when the indictment has been quashed, the defendant is not necessarily discharged, for the court, in its discretion, may hold him until a new warrant is served or a new bill is found.

**3. Criminal Law—Motions to Quash—Defects in Warrants—New Process—Courts.**

A motion to quash in arrest of judgment lies only for a defect on the face of the warrant or indictment, and upon objection to defective process or improper service the remedy is by abatement or motion to dismiss, and when allowed, the court will usually issue a correct warrant or have it legally served at once.

**4. Criminal Law—Appearance—Defective Process—Waiver.**

Irregularity of process in a criminal case is waived by the defendant appearing generally in an inferior court, and the objection cannot be taken after verdict nor in the Superior Court on appeal.

**5. Criminal Law—Appearance—Motions to Quash—Arrest of Judgment—No Offense Charged—Jurisdiction—Appeal and Error.**

Motions to quash and in arrest of judgment can only be entertained in the trial court after a general appearance of the defendant or the plea of not guilty, upon the ground that the matter charged does not constitute a criminal offense or to the court's jurisdiction; and this rule applies in appellate courts.

APPEAL by defendant from *Shaw, J.,* at September Term, 1915, of GUILFORD.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*L. B. Williams and Thomas J. Gold for defendant.*

CLARK, C. J. The defendant was convicted in the municipal court of High Point for having liquor in his possession for sale, and appealed to the Superior Court. In the latter court he moved to quash the proceeding on the ground that the chief of police of High Point had no authority to take the affidavit of the complainant who applied for the warrant and signed as complainant, and, therefore, had no authority to issue the warrant. The defendant was again found guilty, and made the same motion in arrest of judgment. The sole exceptions are to the refusal to quash and the refusal to arrest the judgment.

There are several grounds on either of which the judgment was correct. Sec. 9, ch. 569, Public-Local Laws 1913, creating the court at High Point, provides: "All processes of said court shall be issued by either the judge of said court or by the chief of police, the same to be issued on affidavit and returnable forthwith to said court." The statute authorizing the chief of police to issue process inferentially confers on him the power to pass upon the sufficiency of the complaint as basis for a warrant and to administer the oath before issuing the process.

Even if one is wrongfully arrested on process that is defective, being in court, he would not be discharged, but the process would be amended then and there, or if the service were defective it could be served again. Whatever the rights of the defendant against the officer for service of an illegal process or insufficient service of a valid process, the defendant being in court, the matter will be corrected and the trial will proceed. Even when the indictment is quashed the court will not necessarily discharge the defendant, but in its discretion will hold him until a new warrant is served or a new bill is found. *S. v. Flowers,* 109 N. C., 844, citing numerous cases.

A motion to quash or in arrest of judgment lies only for a defect on the face of the warrant or indictment. When the objection is that the process is defective or improperly served the remedy is by abatement or motion to discharge, and if allowed the court will usually issue a correct warrant or have it legally served at once.

There is no defect here in the charge of the offense, and the defendant waived any objections to the regularity of the process by which he had been brought into court by appearing generally in the municipal court and going to trial. He could not take his chance of acquittal on a trial on the merits and, if convicted, urge that he was not in court. In both civil and criminal cases, if a party answers the complaint without objection to the process or its service, he waives all objection thereto. Still less could this defendant take the objection after verdict nor on appeal in the Superior Court. The only object of service of process is to give the defendant notice of the charge, which this defendant has had.

In *S. v. Cale,* 150 N. C., 808, where "the warrant of the justice was unsigned and the deputation of the special officer was unwritten," though

the statute requires both signature and writing, *Hoke, J.,* said: "If a defendant voluntarily appears or is forcibly brought before a court having jurisdiction to hear and determine the cause, and such court does hear and decide it, whatever may be the rights of the defendant against the officer, in the absence of other objections, the defects suggested in the process do not in any way affect the validity of the judgment rendered," quoting from *Commonwealth v. Henry,* 61 Mass., 512, as follows: "As the magistrate had jurisdiction, and everything was right except the process, we are of the opinion that the defendant, by not objecting to the process while before the magistrate, waived all objections to it, and the ruling of the court is correct."

Even a motion to quash for a defect in the indictment cannot be claimed as a right after the plea of not guilty is entered. *S. v. Burnett,* 142 N. C., 579, and cases there cited. A motion in arrest of judgment could be made either in the trial court or on appeal in the Superior Court or in this Court. But it can be allowed only on two grounds: either that the matter charged does not constitute a criminal offense or that the court had no jurisdiction. Neither of which grounds can be maintained, nor, indeed, is charged in this case.

The judgment of the court below is
Affirmed.

WALKER, J., dissents.