;STATE v. CHARLIE BREWER, HARVEY BREWER, AND WILLIAM
BREWER.

(Filed 17 November, 1920.)

**1. Appeal and Error—Evidence—Matters of Law.**

Only errors of law can be considered on appeal to the Supreme Court,
and the judgment of the Superior Court will not be disturbed when there
is sufficient evidence to support the verdict, upon an exception relating to
its weight and credibility.

**2. Indictment—Criminal Law—Motion to Quash—State's Witness—Grand
Jury.**

A motion to quash an indictment made after the plea of not guilty, will
not be granted on the ground that a witness for the State, in a criminal
action, was a member of the grand jury, that found the true bill, especially
when it appears that he took no part therein.

**3. Same—Courts—Discretion.**

The denial of a motion to quash an indictment, made upon the ground
that a State's witness in the action was a member of the grand jury that
found the true bill, and after the plea of not guilty will not be disturbed on
appeal, the matter being one exclusively addressed to the discretionary
power of the trial judge.

**4. Criminal Law—Indictment—Motions to Quash—Pleas—Abatement.**

Where the defect does not appear on the face of the record, but requires
extraneous evidence to support the motion, the remedy is by plea in abate-
ment, and not by motion to quash.

APPEAL by defendant from *Ray, J.,* at the August Term, 1920, of
DAVIDSON.

This is an indictment under section 3627 of the Revisal.

The defendants were convicted, and appealed from the judgment pro-
nounced on the verdict.

*Attorney-General Manning and Assistant Attorney-General Nash for
the State.*

*E. B. Jones, E. E. Raper, and Craige & Vogler for defendants.*

ALLEN, J.   The evidence of the prosecuting witness, Robert Hudson,
which the jury has accepted, is sufficient to sustain a conviction of the
defendants, and while there is much evidence tending to prove the inno-
cence of the defendants, and particularly of the defendant Harvey
Brewer, it is not within our province to pass on the credibility of the
testimony.

We can only consider the errors of law alleged to have been com-
mitted, and upon a review of the record we find nothing to justify a
reversal of the judgment.

The motion to quash the indictment, made after the plea of not guilty had been entered, because a witness for the State was a member of the grand jury which found the bill, was addressed to the discretion of the court, and the ruling thereon is not reviewable.  *S. v. Burnett,* 142 N. C., 577.

The court might also have declined to consider the motion because the defect did not appear on the face of the record, and had to be established by extraneous evidence, the remedy in such case being by plea in abatement, and not by motion to quash.

We are also less inclined to attach importance to the objection of the defendants, because it appears that the witness did not participate in the deliberations of the grand jury when the bill was considered, and did not vote on finding the bill, thus excluding all idea that the defendants have been prejudiced.

In *S. v. Wilcox,* 104 N. C., 847, it was held that "The fact that a member of the grand jury which returned a true bill for perjury, was one of the petit jury that tried the issues in an action wherein it was charged the perjury was committed, is not good ground for abating or quashing the indictment.  He was bound by his oath as a grand juror to communicate to his fellows the information he had acquired as a petit juror."

Also in *S. v. Sharp,* 110 N. C., 604:  "Plea in abatement filed before pleading generally to an indictment is the proper way to raise the question of the qualification of an individual grand juror.  Such plea will not be sustained, unless it shows the want of some positive qualification prescribed by law.  .  .  .   The fact that the son of the prosecutor, in an indictment for larceny, was a member of the grand jury, and actively participated in finding the bill, did not vitiate the indictment, and it was error to quash it on that ground."

In *Krause v. State* (Neb.), Ann. Cases, 1912 B, 736, the Court goes further, holding that:  "It is not a good plea in abatement to an indictment that it was returned by a grand jury of which the complaining witness was a member."

The other exceptions, eighteen in number, relate to evidence, except two that are formal.

They present no new question, and there can be no practical benefit in discussing them *seriatim.*

We have considered them with the care and diligence the importance of the case demands, and see no sufficient reason for setting aside the verdict.

No error.