## STATE v. B. R. HARRIS.

(Filed 25 May, 1938.)

**1. Criminal Law § 31a—Witness may testify that in his opinion defendant was under influence of intoxicating beverages.**

In a prosecution for drunken driving, it is competent for a State's witness to testify that in his opinion defendant was under the influence

of intoxicating beverages, the testimony being competent under the exception to the general rule that opinion evidence is competent when from the nature of the subject under investigation, no better evidence can be obtained.

**2. Same—Competency of opinion evidence in general.**

To the general rule that opinion evidence is incompetent there are at least three exceptions: Opinions of experts, opinions on the question of identity, and opinions received from necessity because from the nature of the subject under investigation no better evidence can be obtained.

**3. Automobiles § 29—**

In a proscution for drunken driving, C. S., 4506, an instruction that defendant was under the influence of intoxicating liquor if he had drunk enough to make him act or think differently than he would have acted or thought if he had not drunk any, regardless of the amount he drank, is held without error.

**4. Criminal Law § 53d—**

An instruction that there was "some evidence tending to show" a fact in issue cannot be construed as an expression of opinion by the court as to whether the fact was fully or sufficiently proven.

**5. Criminal Law § 53f—**

A slight inaccuracy in stating the evidence will not be held for reversible error when the matter is not called to the court's attention in apt time to afford opportunity for correction.

**6. Criminal Law § 53a—**

The failure of the court to instruct the jury that it was their duty to recollect the evidence and not be guided by the recollection of the court or anyone else, will not be sustained in the absence of a request to so charge.

**7. Criminal Law § 56—**

A motion in arrest of judgment for the reason that the warrant upon which defendant was tried was not signed by the proper officer is correctly denied when defendant makes a general appearance in court, such appearance being a waiver of any objection predicated upon any irregularity in the warrant.

APPEAL by defendant from *Harding, J.*, at December Term, 1937, of GUILFORD. No error.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Willis for the State.*
*Gold, McAnally & Gold for defendant, appellant.*

PER CURIAM. The defendant was convicted in the municipal court of the city of High Point of operating an automobile upon the public highway while under the influence of intoxicating liquors, C. S., 4506, and appealed to the Superior Court of Guilford County, where upon a

trial *de novo* he was again convicted and appealed to the Supreme Court, assigning errors.

The first assignment of error is to the court's permitting the State's witness, over objection, to testify that in his opinion the defendant was under the influence of intoxicating beverages. This assignment cannot be sustained. To the general rule that the opinion evidence is incompetent there are three, at least, well recognized exceptions: First, opinions of experts; second, opinions on the question of identity; and third, opinions received from necessity, *i.e.,* when from the nature of the subject under investigation, no better evidence can be obtained. *S. v. McLaughlin,* 126 N. C., 1080. We think, and so hold, that the evidence assigned as error falls within the third category.

The second assignment of error assails that portion of the charge which reads: "If a man is under the influence of intoxicating liquor he has got enough to make him think or act or do differently from what he would think or act if he did not have it, whether it is a spoonful or a quart, whether it is a bottle of beer or a quart of liquor." This instruction is in substantial accord with the definition of "under the influence of an intoxicant" approved in *S. v. Dills,* 204 N. C., 33, and cannot be held for reversible error.

The third assignment of error assails that portion of the charge which reads: ". . . there is some evidence tending to show both—that he was intoxicated at that time, and said to his friend that he was going back to the City Park, and at that time his friend stated to him he was so drunk he was going to take him home and put him to bed." We cannot see wherein this instruction impinges the provision of C. S., 564, that "no judge, in giving a charge to a petit jury, . . . shall give an opinion whether a fact is fully or sufficiently proven, . . ." The judge used the expression that there was "some evidence tending to show" that the defendant was intoxicated at a given time. This cannot be construed as expressing an opinion that the fact of the defendant's intoxication was fully or sufficiently proven. If there was a slight inaccuracy in the statement of the evidence, it cannot be held for reversible error in the absence of the inaccuracy being called to the attention of the judge at the time, and thereby affording an opportunity to correct it. *S. v. Sterling,* 200 N. C., 18.

The fourth assignment of error is to the court's failure to charge the jury that it was their duty to recollect the evidence and not be guided by the recollection of the court or anyone else. This assignment cannot be sustained in the absence of a request to so charge.

The fifth assignment of error is to the action of the court in overruling the motion of the defendant to set aside the verdict. This assignment is dismissed in appellant's brief with the comment that it is formal.

The sixth assignment of error is to the court disallowing a motion in arrest of judgment for the reason that the warrant was not signed

by the proper officer. This assignment cannot be sustained, since it appears from the record that the defendant entered a general appearance, both in the municipal court and in the Superior Court. Such an appearance was a waiver by the defendant of any objection predicated upon any irregularity in the warrant. "He could not take his chance of acquittal on a trial on the merits and, if convicted, urge that he was not in court. In both civil and criminal cases, if the party answers the complaint without objection to the process or its service, he waives all objection thereto." *S. v. Turner,* 170 N. C., 701.

In the trial we find

No error.