## STATE v. RALPH COCHRAN.

(Filed 2 June, 1949.)

**1. Indictment § 13—**

A motion to quash will lie only for fatal defect appearing on the face of the warrant or indictment and matter *aliunde* the record may not be considered in determining the motion.

**2. Criminal Law § 56—**

A motion in arrest of judgment will lie only for some fatal defect appearing upon the face of the record proper, which does not include the case on appeal, and the court, in considering the motion, is confined to the record and may not consider extraneous facts or circumstances.

**3. Appeal and Error § 1: Criminal Law § 67c—**

It is the province of the Supreme Court to decide questions of law and procedure presented by exceptions duly entered in the court below and brought forward in the briefs, and ordinarily it will not decide nonjurisdictional questions which are not thus presented.

**4. Constitutional Law § 10d—**

The Supreme Court is vested with authority to issue any remedial writ necessary to give it general supervision and control over the proceedings of inferior courts. N. C. Const., Art. IV, sec. 8.

**5. Same: Appeal and Error § 1: Criminal Law § 67c: Intoxicating Liquor § 6—**

Defendant was convicted of the unlawful sale of a bottle of tax-paid beer in a trial free from error, G.S. 18-126. The solicitor formally admitted that at the time of the sale, defendant possessed and displayed licenses for the sale of beer from the city, county and State, which "were then in full force and effect," and the officer-witness for the State testified that the licenses were owned and displayed at defendant's place of business. *Held:* Notwithstanding that the trial was free from error, the Supreme Court will stay the judgment, since, upon the record, it would be a manifest injustice to permit the imposition of sentence on the verdict rendered.

APPEAL by defendant from *McSwain, Special Judge,* April Term, 1949, CABARRUS. Reversed.

Criminal prosecution on warrant charging the unlawful sale of beer.

Defendant was tried in the county recorder's court of Cabarrus County on a warrant which charges that he "did unlawfully and willfully possess for the purpose of sale and sell one bottle of tax-paid beer of more than one-half of one per cent of alcohol by volume but not more than five per cent of alcohol by weight in violation of North Carolina General Statutes 18-126, contrary to the form of the statute . . .." There was a verdict of guilty and he appealed from the judgment pronounced thereon. When the cause came on for hearing in the Superior Court, he moved to quash

the warrant for that it fails to state a criminal offense. The court, after hearing the motion, found certain facts in respect to an election held under the provisions of G.S. 18-124, including a finding that said election was held within sixty days next preceding a municipal primary in the City of Concord, and overruled the motion. Defendant excepted.

In the trial proper, it was made to appear that defendant, on 28 April 1949, had in his possession for the purpose of sale and did sell one bottle of beer on which the tax had been paid. The solicitor formally admitted that on said date the defendant "owned, possessed and displayed in his place of business where said beer was possessed and sold, Privilege Licenses of the City of Concord, of the County of Cabarrus, and of the State of North Carolina, for the possession and sale of beer, which said licenses were in full force and effect."

The defendant offered no evidence and there was no demurrer to the evidence or motion for a directed verdict. Nor was any evidence respecting the alleged election offered for the consideration of the jury under proper instructions from the court.

There was a verdict of guilty. Thereupon, the defendant moved in arrest of judgment. On this motion the court found the same facts as those found on the motion to quash, and, on the facts found, denied the motion. Defendant excepted. Judgment was pronounced and defendant excepted and appealed to this Court.

*Attorney-General McMullan, Assistant Attorney-General Rhodes, and Forrest H. Shuford, II, Member of Staff, for the State.*

*John Hugh Williams for defendant appellant.*

BARNHILL, J. As an averment negativing the possession of a license is not essential, the warrant charges a criminal offense. The defendant was convicted on evidence unchallenged by exception or by motion to dismiss as in case of nonsuit. There was no prayer for a directed verdict. The cause was submitted to the jury under a charge admittedly free from error and the verdict is in proper form. So then, there is no exception in the record which challenges the validity of the trial or verdict.

The only exceptions and assignments of error in the record are directed to the alleged error of the court in (1) overruling the motion to quash, (2) overruling the motion in arrest of judgment, and (3) pronouncing judgment on the verdict.

A motion to quash lies only for a defect on the face of the warrant or indictment. *S. v. Turner,* 170 N.C. 701, 86 S.E. 1019. The defect must appear on the face of the record. *S. v. Choate,* 228 N.C. 491, 46 S.E. 2d 476; *S. v. Davenport,* 227 N.C. 475, 42 S.E. 2d 686; *S. v. Callett,* 211 N.C. 563, 191 S.E. 27.

It must appear from an inspection of the record that no crime is charged, *S. v. Morgan,* 226 N.C. 414, 38 S.E. 2d 166; *S. v. Gardner,* 219 N.C. 331, 13 S.E. 2d 529, or that the warrant or indictment is otherwise so defective that it will not support a judgment. *S. v. Francis,* 157 N.C. 612, 72 S.E. 1041; *S. v. Taylor,* 172 N.C. 892, 90 S.E. 294; *S. v. Gregory,* 223 N.C. 415, 27 S.E. 2d 140.

The court, in ruling on the motion, is not permitted to consider extraneous evidence. Therefore, when the defect must be established by evidence *aliunde* the record, the motion must be denied. *S. v. Brewer,* 180 N.C. 716, 104 S.E. 655.

A motion in arrest of judgment, though somewhat broader in scope, serves the same purpose as a motion to quash. The motion to quash is directed to patent defects in the pleading while the motion in arrest of judgment is directed to such defect in the pleading, verdict, or other part of the record.

To afford ground for a motion in arrest of judgment, it must appear that the court is without jurisdiction or that the record is in some respect fatally defective and insufficient to support a judgment. *S. v. Walker,* 87 N.C. 541; *S. v. Phillips,* 228 N.C. 446, 45 S.E. 2d 535; *S. v. Vanderlip,* 225 N.C. 610, 35 S.E. 2d 885; *S. v. Chapman,* 221 N.C. 157, 19 S.E. 2d 250; *S. v. Foster,* 228 N.C. 72, 44 S.E. 2d 447; *S. v. Gregory, supra; S. v. Morgan, supra,* and cases cited; *S. v. Lewis,* 194 N.C. 620, 140 S.E. 434; *S. v. Turner, supra; S. v. McKeon,* 223 N.C. 404, 26 S.E. 2d 914.

Here too, in considering the motion, the Court is confined to the record and may not consider extraneous facts or circumstances; and "record," as here used, means the record proper. It does not include the case on appeal. *S. v. Efird,* 186 N.C. 482, 119 S.E. 881.

The facts found by the court below were found on the preliminary hearing on the motion to quash. As it is not permissible to consider them on the motion to quash or on the motion in arrest of judgment, and the evidence in respect thereto was not offered on the trial, they constitute mere surplusage and have no proper place in the record. *S. v. Efird, supra.*

Both the defendant and the Attorney-General debate at some length the validity of the election held 21 February. It is apparent they desire us to decide whether that election was and is invalid by reason of the fact it was held less than sixty days prior to a municipal nonstatutory primary within the county. G.S. 18-124 (f). But that question is not presented by any exception or assignment of error appearing of record. Thus they furnish us no peg on which to hang decision.

It is the province of this Court to decide questions of law and procedure presented by exceptions duly entered in the court below and brought forward in the briefs filed in this Court. It is contrary to the

course and practice of appellate courts to consider and decide nonjurisdictional questions which are not thus presented. *S. v. Bittings,* 206 N.C. 798, 175 S.E. 299, and cited cases. The question here debated is not of such public interest as to require us to ignore or set at nought longestablished rules of procedure which are essential to the orderly administration of justice. Indeed, the admission of the solicitor concedes the invalidity of the election. G.S. 18-126.

Even so, this Court is vested with authority to issue any remedial writ necessary to give it general supervision and control over the proceedings of the inferior courts. N. C. Const., Art. IV, sec. 8. In deciding whether this is an occasion to invoke that jurisdiction, we must consider the situation presented by the record, which is this: Generally speaking, it is unlawful to sell beer in North Carolina. But the sale thereof is not unlawful, provided the seller is duly licensed under, and makes sale in accord with, the provisions of G.S. Chap. 18, art. 4.

The sale here charged was made by defendant in his place of business. At that time he held licenses to sell beer which were duly displayed therein. The officer-witness for the State so testified and the solicitor formally admitted that these licenses—city, county, and State—were possessed by defendant and were then in full force and effect. This judicial admission of the solicitor brings the sale made by the defendant squarely within the protective provisions of the statute and affirmatively discloses that no criminal offense has been committed.

When this is made to appear by judicial admission of the solicitor, and the admission is fully supported by the testimony offered, it would be a manifest injustice to permit the imposition of sentence on the verdict rendered, or to require the defendant to resort to other remedy for relief. Under such circumstances, this Court will stay judgment. It is so ordered.

Reversed.