### STATE v. ROBERT EARL DOUGHTIE.

(Filed 23 September, 1953.)

**1. Criminal Law § 15—**

A municipal trial justice's court, given by statute jurisdiction of mayors, has jurisdiction to bind a defendant over to the recorder's court upon a warrant charging a general misdemeanor committed within the municipality. G.S. 160-13.

**2. Constitutional Law § 32—**

A defendant convicted in a recorder's court having final jurisdiction of the offense charged may be tried in the Superior Court on appeal upon the original warrant without an indictment. Constitution of N. C., Art. I, secs. 12 and 13.

**3. Criminal Law § 56—**

A motion in arrest of judgment must be based upon want of jurisdiction or fatal defect or insufficiency in the record.

**4. Same: Indictment and Warrant § 11 ½ —**

Where the warrant or indictment fails to charge an essential element of the offense a motion in arrest of judgment will lie, but when the indictment or warrant charges every essential element of the offense, defendant, by appearing before the court having jurisdiction and pleading guilty, waives any mere irregularity, such as that the officer issuing the warrant was without authority.

**5. Constitutional Law § 40—**

A defendant may waive a constitutional right relating to a matter of mere practice or procedure.

APPEAL by the defendant from *Joseph W. Parker, J.,* June Term, 1953. EDGECOMBE.

Criminal action wherein the defendant appealed from the court's refusing to allow his motion in arrest of judgment.

On 11 August 1951, R. C. Robbins swore to and subscribed before D. M. Ruffin, Desk Sergeant of the Police Force of the Town of Tarboro —Tarboro is the county seat of Edgecombe County—a complaint charging that at and in Edgecombe County and in the Town of Tarboro (or the Town of Princeville) the defendant did unlawfully and wilfully assault him with a deadly weapon, to wit a pistol contrary to the statutes, etc. The said Ruffin issued a warrant addressed to the Chief of Police of Tarboro or to the Sheriff of said county or to any lawful officer commanding the arrest of the defendant on the charge in the attached complaint, and that the defendant be brought before the Trial Justice's Court of the Town of Tarboro to answer the charge in the complaint. On 13 August 1951, after hearing the evidence in the case the Trial Justice found probable cause, and bound the defendant over to the Recorder's Court for Edgecombe County.

On 13 August 1951 the defendant was tried on this warrant in the said Recorder's Court and found guilty. From a road sentence imposed he appealed to the Superior Court of Edgecombe County.

At the October Term 1951 of the Superior Court of said county the defendant came into court, and pleaded guilty to this warrant: The court sentenced the defendant to imprisonment for two years suspended on condition that he leave North Carolina and not return or enter the State for two years.

On 24 April 1952 the defendant was in the custody of the sheriff of Edgecombe County on the charge of having willfully violated the condition upon which the sentence imposed against him at the October Term 1951 of the Superior Court was suspended, and appeared before Frizzelle, J., holding the courts of the Second Judicial District, requesting that he be allowed to give bond for his appearance at the June Term 1952 of the Superior Court. His request was granted.

At the November Term 1952 of the Superior Court, the presiding judge found that the defendant had willfully violated the condition upon which the sentence of imprisonment imposed at the October Term 1951 had been suspended, and put said sentence into effect. The defendant appealed to this Court. On this appeal this Court held in *S. v. Doughtie,* 237 N.C. 368, 74 S.E. 2d 922, that the suspension of sentence on condition that the defendant leave the State and not return to or enter the State for two years was void, and remanded the case for a proper sentence.

At the June Term 1953 of the Superior Court the defendant was present, and the solicitor for the State prayed judgment against him. Whereupon for the first time in the case the defendant made a motion in arrest of judgment. The motion was denied, and the defendant excepted. The court then sentenced the defendant to imprisonment for one year.

The defendant excepted to the judgment, and appeals assigning error.

*Attorney-General McMullan, Assistant Attorney-General Moody, and Gerald F. White, Member of Staff, for the State.*

*Weeks & Muse for defendant, appellant.*

PARKER, J. The defendant in his brief contends that the warrant issued by Ruffin, Desk Sergeant of the Tarboro Police Force, was unconstitutional and void by reason of G.S. 15-18, which specifies who may issue warrants. That though Ch. 275 of the Public-Local Laws of 1941, Section 4½, gives authority to the Desk Sergeant of the Police Department of Tarboro to issue warrants for offenses committed and to be tried in the Trial Justice's Court provided for in Ch. 126, Private Laws 1935, the offense charged in the warrant is a general misdemeanor and the Trial Justice's Court had no jurisdiction. That therefore the warrant was void; there has been no trial in the Trial Justice's Court; that an appeal may be tried in the Superior Court only where the case has been appealed after a trial in the inferior court, citing *S. v. Thomas,* 236 N.C. 454, 73 S.E. 2d 283. That to impose judgment upon him on a void warrant is in violation of Art. One, Sections 12 and 13 of the State Constitution. That because the purported warrant was void, the Superior Court had no jurisdiction.

The defendant makes no contention that the warrant does not charge a criminal offense, nor that the punishment imposed by the court is in excess of that authorized by law for an assault with a deadly weapon.

The Act creating the Trial Justice's Court in the Town of Tarboro gave that court jurisdiction in all criminal matters as are now or may hereafter be conferred by law upon mayors of cities or incorporated towns, and that the Trial Justice shall qualify for the office by subscribing to an oath in form substantially as provided for justices of the peace.

The N. C. Code of 1939 (now G.S. 160-13) provides that the mayor of every city or incorporated town is hereby constituted an inferior court, and as such court shall have the jurisdiction of a justice of the peace in all criminal matters arising under the laws of the State or under the ordinances of such town or city. The Trial Justice had jurisdiction to bind the defendant over to the Recorder's Court of Edgecombe County for trial. N. C. Code of 1939 (now G.S. 7-129); *S. v. Myrick,* 202 N.C. 688, 163 S.E. 803. The defendant was found guilty in the Recorder's Court, which had final jurisdiction, and appealed to the Superior Court. The Superior Court then had jurisdiction to try him upon the original accusation of the inferior court and without an indictment of a grand jury. Such a trial in the Superior Court did not violate the provisions of Art. One, Sections 12 and 13, of the State Constitution. *S. v. Thomas, supra.* The defendant by his general appearance in the Trial Justice's Court and the Recorder's Court and his plea of guilty in the Superior Court waived irregularity, if any, in the issuance of the warrant or any objection predicated upon any irregularity in the warrant, provided the warrant charged every element of an assault with a deadly weapon. *S. v. Harris,* 213 N.C. 648, 197 S.E. 142; *S. v. Abbott,* 218 N.C. 470, 11 S.E. 2d 539; *S. v. Turner,* 170 N.C. 701, 86 S.E. 1019; *S. v. Cale,* 150 N.C. 805, 63 S.E. 958; *People v. Jury,* 252 Mich. 488, 233 N.W. 389.

A motion in arrest of judgment is one made after verdict or a plea of guilty to prevent entry of judgment. *S. v. McCollum,* 216 N.C. 737, 6 S.E. 2d 503; 15 Am. Jur., Crim. Law, p. 101 (citing cases from other states). For the motion to be sustained it must appear that the court is without jurisdiction, or that the record is in some respect fatally defective and insufficient to support a judgment. *S. v. Scott,* 237 N.C. 432, 75 S.E. 2d 154; *S. v. Cochran,* 230 N.C. 523, 53 S.E. 2d 663; *S. v. Dilliard,* 223 N.C. 446, 27 S.E. 2d 85; *S. v. McCollum, supra.*

Where the warrant or indictment fails to charge the essential elements of the offense a motion in arrest of judgment will lie. *S. v. Vanderlip,* 225 N.C. 610, 35 S.E. 2d 885; *S. v. Phillips,* 228 N.C. 446, 45 S.E. 2d 535.

Any defect in the process by which a defendant is brought into court may be waived by him by appearing before the court having jurisdiction of the case. *S. v. Turner, supra; S. v. Cale, supra.* The defendant may waive a constitutional right relating to a mere matter of practice or procedure. *Miller v. State,* 237 N.C. 29, 74 S.E. 2d 513. If the law were otherwise, a defendant could take his chance of acquittal on a trial on the merits and, if convicted, contend that he was not in court.

Incidentally, it is not necessary that a true bill found by the grand jury should have been signed by the solicitor. *S. v. Shemwell,* 180 N.C. 718, 104 S.E. 885.

STATE *v.* DOUGHTIE.

In *S. v. Harris, supra,* the defendant was convicted in the municipal court of the City of High Point of operating an automobile upon the public highway while under the influence of intoxicating liquor. He appealed to the Superior Court, and upon a trial *de novo* was again convicted and appealed to the Supreme Court. The defendant assigned as error the court disallowing a motion in arrest of judgment for the reason that the warrant was not signed by the proper officer. In deciding that this assignment of error cannot be sustained because the defendant entered a general appearance both in the municipal court and in the Superior Court, this Court said: "Such an appearance was a waiver by the defendant of any objection predicated upon any irregularity in the warrant."

In *S. v. Turner, supra,* the defendant was convicted in the municipal court of High Point for having liquor in his possession for sale, and appealed to the Superior Court. In the Superior Court he moved to quash the proceeding on the ground that the Chief of Police of High Point had no authority to take the affidavit of the complainant who applied for the warrant and signed as complainant, and, therefore, had no authority to issue the warrant. The defendant was again found guilty, and made the same motion in arrest of judgment. This Court said: "There is no defect here in the charge of the offense, and the defendant waived any objections to the regularity of the process by which he had been brought into court by appearing generally in the municipal court and going to trial."

In *S. v. Cale, supra,* the warrant of the justice was unsigned and the deputation of the special officer was unwritten though the statutes required both signature and writing. Speaking for the Court *Hoke, J.,* later *C. J.,* said: "When considered in reference to process by which a defendant may be brought into court on a criminal charge, they may be waived by him; and if a defendant voluntarily appears or is forcibly brought before a court having jurisdiction to hear and determine the cause, and such court does hear and decide it, whatever may be the rights of the defendant against the officers, in the absence of other objection, the defects suggested in the process do not in any way affect the validity of the judgment rendered."

In *S. v. Abbott,* 218 N.C. 470, 11 S.E. 2d 539, this Court said: "In *S. v. Warren,* 113 N.C. 683, it was held: 'where a defendant pleads guilty, his appeal from a judgment thereon cannot call into question the facts charged, nor the regularity and correctness of the proceedings, but brings up for review only the question whether the facts charged and admitted by the plea, constitute an offense under the laws and Constitution.' "

In *People v. Jury, supra,* the defendant was convicted of an attempt to kill and murder. On appeal he raised this question that the complaint, warrant and his arrest and all subsequent proceedings are void because the complaint made against him was not signed and sworn to. That Court wrote "when defendant was arraigned and informed against, he pleaded guilty to the charge made against him in the information, and thus waived any defect in the prior proceedings."

Many of the cases relied upon by the defendant, for instance, *S. v. Clarke,* 220 N.C. 392, 17 S.E. 2d 468; *S. v. Morgan,* 226 N.C. 414, 38 S.E. 2d 166; *S. v. Albarty,* 238 N.C. 130, 76 S.E. 2d 381, are not in point, for they are cases where the warrant or indictment fails to allege all the elements of a criminal offense.

If there were any irregularity in the process by which the defendant was brought into the Superior Court, he waived it. The warrant charges every element of an assault with a deadly weapon, and the Superior Court had jurisdiction of the case. No rights of the defendant under Art. One, Sections 12 and 13, of the State Constitution were violated. The record is in no respect fatally defective and insufficient to support the sentence.

The court's action in refusing the defendant's motion in arrest of judgment was correct.

The judgment of the lower court is

Affirmed.