STATE v. JOSEPH JOHNSON

(Filed 27 November, 1957)

**Criminal Law § 15: Indictment and Warrant § 11½—Defendant waives any irregularity in issuance of warrant by failing to object in apt time.**

A warrant charging every essential element of the offense was issued by a municipal recorder's court, and upon the hearing the cause was transferred to the county recorder's court upon defendant's plea

in abatement to the jurisdiction of the municipal recorder's court. Defendant was tried in the county recorder's court and in the superior court on appeal upon the original warrant. *Held:* Defendant, by making no plea in abatement or objection to the jurisdiction in either the county recorder's court or the superior court, waives the right to object to any irregularity in the issuance of the warrant, and his plea in abatement in the Supreme Court on further appeal cannot be sustained.

APPEAL by defendant from *Seawell, J.,* June Term 1957 of JOHNSTON.

This is a criminal action. Originally, the defendant was charged in a warrant issued by the clerk of the Municipal Recorder's Court of Smithfield, North Carolina, on 14 October 1956, "that at and in said county, on or about the 14th day of October, 1956, Joseph Johnson did unlawfully and wilfully operate a motor vehicle on the State highways of North Carolina: (1) in a careless and reckless manner without due regard to the rights and safety of others; (2) while under the influence of intoxicants or narcotics," etc.

When this cause came on for hearing in the Municipal Recorder's Court of Smithfield, the defendant entered a plea in abatement on the ground that said court had no jurisdiction of the person of the defendant or of the cause of action because the offense charged was committed a distance of more than five miles from Smithfield. The defendant alleged in his verified motion that the Recorder's Court of Johnston County had jurisdiction of the offense and the person and was, therefore, the proper court to try the case, and prayed the court to transfer the case to said court for trial. The motion was allowed and the case was so transferred on 29 October 1956.

The defendant was tried in the Recorder's Court of Johnston County on 28 February 1957 on the original warrant and convicted as charged. From the judgment entered he appealed to the Superior Court. The State placed the defendant on trial in the Superior Court, upon the original warrant, on the drunken driving charge only. After hearing the evidence, argument of counsel, and the charge of the court, the jury returned a verdict of guilty.

From the judgment imposed the defendant appeals, assigning error.

*Attorney General Patton, Assistant Attorney General Bruton, Assistant Attorney General McGalliard, Assistant Attorney General Behrends for the State.*
*E. R. Temple for defendant.*

DENNY, J. The defendant takes the position in this Court, for the first time, that the judge of the Recorder's Court of Smith-

field committed error in not sustaining his plea in abatement and dismissing the case, instead of transferring it to the Recorder's Court of Johnston County for trial as requested by him in his motion. Consequently, he insists that his plea in abatement interposed in this Court should be allowed and the action dismissed.

The warrant upon which the defendant was tried in the Recorder's Court of Johnston County and in the Superior Court, sufficiently charged the offenses for which he was tried. Moreover, it is disclosed by the record that the offenses charged were committed within the territorial jurisdiction of the Recorder's Court of Johnston County. Furthermore, there is nothing on the face of the warrant to indicate otherwise. The defendant entered no plea in abatement in the Recorder's Court of Johnston County but instead entered a plea of not guilty and went to trial on the warrant as issued by the Municipal Recorder's Court of Smithfield. From his conviction and the judgment imposed in that court, he appealed to the Superior Court where he was tried only upon the charge of drunken driving. He interposed no plea in abatement in the Superior Court, but entered a plea of not guilty and again went to trial on the original warrant.

Here, as in the case of *S. v. Doughtie,* 238 N.C. 228, 77 S.E. 2d 642, the defendant makes no contention that the warrant fails to charge the criminal offense for which he was tried, or that the punishment imposed by the court is in excess of that authorized by law for driving a motor vehicle upon the public highways of the State while under the influence of intoxicating liquors or narcotics.

In the last cited case, the defendant contended that the warrant issued in the Trial Justice's Court, on which he was bound over to the Recorder's Court of Edgecombe County, was absolutely void. He was tried upon the warrant in the Recorder's Court and found guilty. From the judgment imposed he appealed to the Superior Court where he was again tried on the original warrant and convicted. The defendant excepted to the judgment entered and appealed to the Supreme Court. This Court, speaking through Parker, J., said: "The defendant by his general appearance in the Trial Justice's Court and the Recorder's Court and his plea of guilty in the Superior Court waived irregularity, if any, in the issuance of the warrant or any objection predicated upon any irregularity in the warrant, provided the warrant charged every element of an assault with a deadly weapon. *S. v. Harris,* 213 N.C. 648, 197 S.E. 142; *S. v. Abbott,* 218 N.C. 470, 11 S.E. 2d 539; *S. v. Turner,* 170 N.C. 701, 86 S.E. 1019; *S. v. Cale,* 150 N.C. 805, 63 S.E. 958; *People v.*

*Jury,* 252 Mich. 488, 233 N.W. 389. \* \* \* Any defect in the process by which a defendant is brought into court may be waived by him by appearing before the court having jurisdiction of the case. *S. v. Turner, supra; S. v. Cale, supra.* The defendant may waive a constitutional right relating to a mere matter of practice or procedure. *Miller v. State,* 237 N.C. 29, 74 S.E. 2d 513. If the law were otherwise, a defendant could take his chance of acquittal on a trial on the merits and, if convicted, contend that he was not in court."

In the case of *S. v. Harris,* 213 N.C. 648, 197 S.E. 142, the defendant was convicted in the Municipal Court of the City of High Point of operating a motor vehicle upon the public highways of the State while under the influence of intoxicating liquor. He appealed to the Superior Court and upon a trial *de novo* was again convicted and appealed to the Supreme Court. The defendant assigned as error the refusal of the court below to allow his motion in arrest of judgment for the reason that the warrant was not signed by a proper officer. It appears from the record that the defendant entered a general appearance both in the Municipal Court and in the Superior Court. In overruling the assignment of error, this Court said: "Such an appearance was a waiver by the defendant of any objection predicated upon any irregularity in the warrant."

In *S. v. Turner,* 170 N.C. 701, 86 S.E. 1019, the defendant was convicted in the Municipal Court of High Point for having liquor in his possession for the purpose of sale, and he appealed to the Superior Court. In the Superior Court he moved to quash the proceeding on the ground that the officer who issued the warrant had no authority to do so. The defendant was again found guilty and made the same motion in arrest of judgment. This Court said: "There is no defect here in the charge of the offense, and the defendant waived any objections to the regularity of the process by which he had been brought into court by appearing generally in the municipal court and going to trial."

Likewise, in *S. v. Cale,* 150 N.C. 805, 63 S.E. 958, the warrant of the justice was unsigned and the deputation of the special officer was unwritten. The statute, in express terms, requires the one (Revisal Sec. 3158, now G.S. 15-20) to be written and by fair intendment would seem to so require the other (Revisal Sec. 935, now G.S. 151-5). Speaking for the Court, Hoke, J., later C. J., said: "When considered in reference to process by which a defendant may be brought into court on a criminal charge, they may be waived by him, and if a defendant voluntarily appears or is forcibly brought before a court having jurisdiction to hear and determine the cause, and such court does hear and decide it, whatever may be the rights of the defendant

against the officers, *in the absence of other objection,* the defects suggested in the process do not in any way affect the validity of the judgment rendered." (Emphasis added.)

In the case of *S. v. Oliver,* 186 N.C. 329, 119 S.E. 370, the defendant was indicted for false pretense in New Hanover County. After the indictment had been returned, the defendant appeared in court and made a motion for a continuance. The motion was granted and the case set for trial on a day certain at the next term. A plea in abatement was filed on the date set for the trial on the ground that the offense, if committed, was committed in Sampson County and not New Hanover. This Court said, "By procuring the order of continuance, and thereby submitting himself to the jurisdiction of the court, the defendant waived his right to insist upon a plea in abatement."

It is prescribed by G.S. 15-134 that in the prosecution of all offenses it shall be deemed and taken as true that the offense was committed in the county in which by the indictment it is alleged to have taken place, unless the defendant shall deny the same by plea in abatement.

This Court stated in *S. v. Williamson,* 81 N.C. 540, "The want of an averment of a proper and perfect venue is not fatal to a bill of indictment where much greater strictness is required than in forms used before a justice, and still less should be deemed essential to the sufficiency of a warrant." *S. v. Francis,* 157 N.C. 612, 72 S.E. 1041.

In light of our decisions, we hold that since the defendant did not enter a plea in abatement in either the Recorder's Court of Johnston County or in the Superior Court, but instead entered a plea of not guilty in these respective courts, and went to trial on the warrant, he waived any defect or irregularity therein and is bound by the judgment from which he now appeals.

In the trial below we find

No error.