STATE v. MAIDES.

## STATE v. ROBERT LEE MAIDES.

(Filed 1 March, 1961.)

**1. Criminal Law § 147—**

Where the record is sufficient to infer an appeal from the Superior Court to the Supreme Court, the appeal will not be dismissed for absence of statement of case on appeal, but in such instance only the face of the record is presented for review.

**2. Indictment and Warrant § 12—**

A general appearance waives objections predicated upon a mere irregularity in the warrant. The use of abbreviations in the record of proceedings of a court of record is disapproved.

APPEAL by defendant from *Morris, J.*, at November 18, 1960 Term, of CRAVEN.

Criminal prosecution upon warrants before Recorder's Court in Craven County upon affidavits of a State Highway Patrolman, charging defendant with operating a motor vehicle upon public highways on the 11th day of October, 1958, (1) while under the influence of intoxicating liquors (narcotic drugs) in violation of General Statutes 20-138, and (2) in a careless and reckless manner in violation of General Statutes 20-140.

In the Recorder's Court on 14 October 1958, defendant plead not guilty to OAWUIW and careless and reckless driving. Verdict: Guilty. Judgment: Let defendant be confined in common jail of Craven County for a period of 4 months. Suspended upon payment of a fine of $100.00 and costs, and upon the further condition that the defendant surrender his operator's license to the court to be forwarded to the Department of Motor Vehicles for revocation according to law.

It appears in the record that on 9 May 1960, upon petition of defendant for writ of *recordari* (erroneously designated writ of *certiorari*), Judge Bundy of Third Judicial District ordered the Clerk of the Recorder's Court of Craven to transmit forthwith to the docket of the Superior Court of Craven County, all of the original papers, warrant and other records of the proceeding of a trial and conviction of defendant, dated October 14, 1958, to the end that a hearing might be had on a motion to vacate former judgment by reason of void warrant or a trial as the court may determine.

Furthermore, the record contains this notation on minute book 0-2 "Writ of *certiorari* — Writ denied." The minutes also contain notation that on 5 January, 1961, Chester Morris, Trial Judge, ordered that defendant be allowed to give appeal bond in the Supreme Court.

*Attorney General Bruton, Staff Attorney Richard T. Sanders for the State.*

*Charles L. Abernethy, Jr., for defendant, appellant.*

PER CURIAM. The Attorney General moves to dismiss the appeal for that there is no statement, or settlement of case on appeal, and the Court is relegated to an examination of an obvious fragmentary and selective portion of the record. However, since there is data in the record from which an appeal may be inferred, the motion will not be allowed. Nevertheless error upon the face of the record is not made to appear. Indeed where defendant enters a general appearance in court, he waives any objection predicated upon any irregularity in the warrant. *S. v. Harris,* 213 N.C. 648, 197 S.E. 142. See also *S. v. Turner,* 170 N.C. 701, 86 S.E. 1019, and also *S. v. Johnson,* 247 N.C. 240, 100 S.E. 2d 494.

In the case in hand the record shows that defendant entered plea of not guilty, and was tried and convicted in the Recorder's Court.

Moreover, the records of the proceedings in this case are subject to the charge that, as stated in *S. v. King,* 222 N.C. 137, 22 S.E. 2d 241, "they are incomplete and unduly abbreviated and ciphered, a practice that should not be pursued, and is not approved in the recording of the proceedings of a court of record." See also *S. v. Edmundson,* 244 N.C. 693, 94 S.E. 2d 844.

Affirmed.