STATE OF NORTH CAROLINA v. WILSON CUMMINGS

No. 7412SC499

(Filed 17 July 1974)

1. Criminal Law § 64— opinion as to intoxication — inadequate opportunity to observe — harmless error

The trial court in a homicide prosecution erred in the admission of testimony as to defendant's sobriety at the time of the shooting where the record reveals that the witness did not have a sufficient opportunity to observe defendant; however, such error was rendered harmless by the testimony of other witnesses that they observed defendant on the night in question and were of the opinion that although he was drinking he was not drunk.

2. Criminal Law § 89— impeachment — prior crimes — question whether witness "charged, tried and convicted"

The solicitor was properly allowed to ask defendant's witness whether he had been "charged, tried and convicted" of certain crimes.

3. Criminal Law § 6; Homicide § 8— intoxication — effect on lesser degrees of homicide

The trial court properly charged the jury that defendant's intoxication had no bearing upon his guilt or innocence of the lesser included offenses in the charge of first degree murder since defendant's intoxication could only negate the specific intent necessary for first degree murder.

ON *certiorari* to review the trial of defendant before *Braswell, Judge,* 17 September 1973 Session of Superior Court held in CUMBERLAND County. Heard in the Court of Appeals 28 May 1974.

This is a criminal action wherein the defendant, Wilson Cummings, was charged in a bill of indictment, proper in form, with the murder of Glenn McArthur Smith. Upon arraignment, the defendant entered a plea of not guilty, and the State offered evidence which tended to establish the following:

On the evening of 3 May 1973, Glenn Smith, Henrietta Smith, Carol Cain, and Wilson Cummings were present at the Playboy Lounge in Fayetteville, North Carolina. The parties were talking and joking with each other when Carol Cain threw a beer can into the face of Glenn Smith. Smith retaliated by picking up the can and throwing it back at Carol, striking her in the face. The events which transpired thereafter are captured in the following testimony of Henrietta Smith:

". . . Wilson Cummings then berated Carol Cain for throwing the can and said that he did not blame Glenn for throwing it back. But Carol Cain then told Wilson Cummings that she was just kidding and Cummings turned to Smith and said 'O.K., you S.O.B., you come around here and apologize or I will kill you.' That the defendant then reached into Carol Cain's pocketbook and got out a gun and pointed it at Glenn Smith and shot him. * * * That Wilson Cumrings came around the bar and went outside. That as he left the bar, he had a pistol in his hand."

The State also offered the testimony of Dr. Charles Wells, an expert in the field of pathology, who testified that in his opinion "death was caused by shock and hemorrhage secondary to the gunshot wounds he had described."

The defendant offered evidence which tended to establish that he had been on a drinking "spree" for at least a day prior to the shooting of Smith and that at the time of the shooting the defendant did not know what he was doing because of his intoxicated condition.

From a verdict of guilty of second degree murder and a judgment that defendant be imprisoned for not less than twenty-five nor more than thirty years, defendant appealed.

*Attorney General Robert Morgan by Assistant Attorney General George W. Boylan for the State.*

*Smith & Geimer, P.A., by William S. Geimer for the defendant appellant.*

HEDRICK, Judge.

[1]   Defendant, by his first assignment of error, contends that the trial court erred in admitting into evidence, over defendant's objection, the testimony of the witness Bieso as to defendant's sobriety at the time of the shooting. It is a well settled rule that a witness may give his opinion as to whether a person was drunk or sober on a particular occasion; however, such opinion testimony may not be admitted unless a proper foundation has been laid demonstrating that the witness was afforded sufficient opportunity to observe the individual who is the subject of his testimony. *State v. Dawson,* 228 N.C. 85, 44 S.E. 2d 527 (1947) ; *State v. Harris,* 213 N.C. 648, 197 S.E. 142 (1938) ; *See,* 1 Stansbury, N. C. Evidence (Brandis Revision), § 129, pp. 411-414.

The admission of the witness Bieso's opinion testimony was error as the record reveals that Bieso, who was a bartender at the Playboy Lounge on the night of the shooting, did not have a sufficient opportunity to observe the defendant. This error, however, was rendered harmless because several other witnesses testified, without objection by the defendant, that they observed defendant on the night in question and were of the opinion that although he was drinking he was not drunk. Thus, the testimony of Bieso was only cumulative in effect and its erroneous admission was not prejudicial.

[2]   Next, defendant asserts that he was prejudiced by the form of certain questions asked his witness David Locklear upon cross-examination. The witness was asked whether he had been "charged, tried, and convicted" of speeding and driving under the influence, and whether he had been "charged, tried, and convicted" of forgery. The form of these questions was proper as "[f]or purposes of impeachment a witness may be asked whether he has committed specific criminal acts or been guilty of reprehensible conduct." *State v. Gainey,* 280 N.C. 366, 185 S.E. 2d 874 (1972). See also, 1 Stansbury, N. C. Evidence (Brandis Revision), § 112, pp. 342-346.

[3]   Finally, the defendant argues that the trial court erred in charging that defendant's intoxication could have no bearing upon his guilt or innocence of the lesser included offenses in the charge of first degree murder. This contention is without merit. In *State v. Kelly*, 216 N.C. 627, 6 S.E. 2d 533 (1940), we find the following germane language:

> "And the charge that if the jury found that these defendants were so drunk that they did not know or realize what they were doing, they would not be guilty of murder in the first degree but would be guilty of murder in the second degree has been approved in effect by this Court in the case of *S. v. Williams*, 189 N.C. 616-20. Here the Court approved the following charge in this regard: 'Drunkenness under the law is no excuse for crime and does not relieve the person of guilt for crime entirely. But in the case of murder, if a person is so intoxicated and rendered so insensible and so irrational by intoxication of any kind, or is naturally so weak-minded from natural cause that he cannot form an intent and cannot premeditate and deliberate, then it reduces the offense from murder in the first degree to murder in the second degree.' "

Thus, the defendant's intoxicated condition went only to negate the specific intent necessary to find him guilty of first degree murder and the trial judge in the instant case was correct in his statement in the charge as to the effect of a finding of defendant's intoxication upon the lesser included offenses of first degree murder.

The defendant was afforded a fair trial, free from prejudicial error.

No error.

Judges MORRIS and BALEY concur.