STATE OF NORTH CAROLINA v. JAMES ROBINSON.

(Filed 27 September, 1967.)

**1. Burglary and Unlawful Breakings § 8—**

　　Under G.S. 14-54 the maximum sentence for breaking and entering is 10 years.

**2. Larceny § 10—**

　　Under G.S. 14-72 the maximum sentence for larceny of property by breaking and entering a storehouse is 10 years.

**3. Constitutional Law § 36—**

　　Punishment within the statutory maximum cannot be cruel or unusual in the constitutional sense.

**4. Same; Criminal Law § 138—**

　　The imposition of a sentence of imprisonment of seven to nine years upon plea of *nolo contendere* to the offenses of breaking and entering and larceny is not cruel or unusual punishment in a constitutional sense.

APPEAL by defendant from *Mintz, J.,* 24 April 1967 Regular Criminal Session, SAMPSON Superior Court.

James Robinson and Larry Simmons were indicted for breaking and entering a store of one James Ezzell on 28 January 1967 and for the larceny of ten (10) chickens and sixty (60) cartons of cigarettes of the value of $50.00. The Court appointed John D. Williams, Jr., to act as counsel for the defendant. A jury was empaneled, and the State began offering evidence.

Larry Simmons testified, in substance, that he and Robinson had been to the home of Sadie Spell; that he, Simmons, started home about 1:30 A.M. and was called by Robinson, who said that he planned to break into the Ezzell store and asked him (Simmons) to act as lookout. He said Robinson took out the front window, carried it behind the store, and threw it into a field. Robinson then crawled in the window, unlocked the back door from the inside, and handed a box of dressed chickens to Simmons. Robinson brought out about sixty cartons of cigarettes. They took the property to a big vacant house across the street and left it there for the night.

The State also offered evidence that fingerprints were found on the glass window and that a comparison of them with Robinson's showed them to be his.

At the conclusion of the State's evidence, the defendant's attorney announced that the defendant wished to change his plea from not guilty to *nolo contendere.* The Court thereupon fully questioned the defendant to ascertain that the plea was being made with his consent; and while the defendant was somewhat equivocal, he said

several times that he approved Mr. Williams' action in entering the plea of *nolo contendere.*

The defendant has a long criminal record and was on parole for a breaking and entering charge at the time of the trial.

The Court pronounced a prison sentence of not less than seven (7) nor more than nine (9) years. While no notice of appeal was given at that time, the defendant wrote a letter to Judge Mintz within a few days in which he said he wanted to appeal; and it has been treated as notice of appeal. Mr. Williams was appointed by the Court to perfect the appeal for the defendant, and the County was required to furnish a transcript of the evidence.

*Williams & Williams by Jno. B. Williams, Jr., Attorneys for defendant appellant.*

*T. W. Bruton, Attorney General, and Harry W. McGalliard, Deputy Attorney General, for the State.*

PLESS, J. G.S. 14-54 provides that the penalty for breaking and entering shall be imprisonment for not more than ten (10) years. Under G.S. 14-72, the larceny of property taken by breaking and entering a storehouse shall be a felony, and the punishment therefor could be as much as ten (10) years' imprisonment; thus, the Court could have pronounced sentences totaling twenty (20) years. The sole exception presented by the defendant is that the prison sentence of not less than seven (7) nor more than nine (9) years constitutes cruel and unusual punishment.

In *State v. Bruce,* 268 N.C. 174, 150 S.E. 2d 216, Chief Justice Parker, with his usual thoroughness, discussed this question. He said: "We have held in case after case that when the punishment does not exceed the limits fixed by the statute, it cannot be considered cruel and unusual punishment in a constitutional sense." He then quoted from *State v. McNally,* 152 Conn. 598, 211 A. 2d 162, cert. den., 382 U.S. 948; 15 L. Ed. 2d 356: " 'When the objection is to the sentence and not to the statute under which the sentence was imposed, the sentence is not cruel or unusual if it is in conformity with the limit fixed by statute. When the statute does not violate the constitution, any punishment which conforms to it cannot be adjudged excessive since it is within the power of the legislature and not the judiciary to determine the extent of punishment which may be imposed on those convicted of crime. . . . As the sentences imposed did not exceed the permissible statutory penalties, the punishment cannot be held to be cruel and unusual as a matter of law.' "

The defendant told the Court that he had been in prison almost constantly for the past ten years, that he had "pulled time" for about twenty cases of breaking and entering, for two cases of larceny, for receiving stolen property one time, for forgery, and for escape. With this kind of record, the Court was entirely justified in feeling that society should be protected from the defendant for a substantial period of time. The sentence imposed was entirely reasonable, and could not be construed as cruel and unusual in a constitutional sense.

No error.