## STATE v. CHESTER BETHEA.

(Filed 12 January, 1968.)

**1. Constitutional Law § 36—**

Punishment within the maximum fixed by statute cannot be cruel or unusual in the constitutional sense.

**2. Constitutional Law § 28—**

The statute, G.S. 15-140.1, providing for waiver of indictment by defendants in noncapital felony cases contemplates that the prosecution shall be upon an information signed by the solicitor, and the failure of the solicitor to sign the statement of accusation to which defendant pled guilty renders the plea void.

**3. Same—**

The practice of the solicitor in attempting to use a warrant in lieu of an information as required by G.S. 15-140.1 is expressly disapproved by the Supreme Court.

**4. Same—**

Where the defendant pleads not guilty to a misdemeanor, the requirements for a waiver of indictment and for trial upon an information signed by the solicitor are the same as in noncapital felony cases. G.S. 15-140.

APPEAL by defendant from *Snepp, J.,* 7 August 1967 Schedule "C" Session of MECKLENBURG.

Defendant was arrested upon two warrants issued by the Recorder's Court of the City of Charlotte on 5 July 1967. Warrant No. 50-357 charged (1) that on 8 June 1967 defendant feloniously did break and enter a dwelling owned and occupied by Vance Huggins with the intent to steal personal property situated therein and (2) that as a result of defendant's felonious breaking and entering the dwelling of Vance Huggins he did feloniously steal and carry away therefrom certain specified personal property of the value of $220.00. Warrant No. 50-358 charged that on 3 June 1967 defendant did break and enter the dwelling house of Heathy Harris Walker with the felonious intent to steal the personal property of Heathy Harris Walker therein situated, a violation of G.S. 14-54. On 6 July 1967 defendant waived preliminary hearing on each charge, and the recorder bound him over to the Superior Court.

At the 7 August 1967 Session, defendant and his attorney, Mr.

T. O. Stennett, signed the following notation which was made on each of the two warrants:

"The foregoing information has been read and explained to me and I do hereby waive the finding of a bill of indictment by the Grand Jury upon the advice of my attorney and counsel. I have requested my counsel to sign the waiver, this the 10 day of August, 1967. /s/ Chester Bethea (Seal) Witness: /s/ T. O. Stennett."

After the execution of the foregoing waivers, defendant pleaded guilty as charged in Case No. 50-358; in Case No. 50-357, guilty of nonfelonious breaking and entering and nonfelonious larceny. In Case No. 50-358, his sentence was 3-5 years in the State's prison; in Case No. 50-357, one year in the common jail of Mecklenburg County "under the supervision of the Department of Correction. This sentence to run CONCURRENTLY with that imposed in #50-358."

From the sentences imposed, defendant appealed.

*T. W. Bruton, Attorney General and Harry W. McGalliard, Deputy Attorney General for the State.*

*T. O. Stennett for defendant.*

PER CURIAM. Defendant's only assignment of error is that the sentences prescribed constituted "excessive, cruel and unreasonable punishment." This assignment cannot be sustained. The sentences were below the statutory maximum for the offenses to which defendant pled guilty. They therefore cannot be cruel and unusual in the constitutional sense. *State v. Robinson*, 271 N.C. 448, 156 S.E. 2d 854. In Case No. 50-358, however, error appears upon the face of the record.

By written waiver, signed by a defendant and his counsel, the defendant may waive the finding of a bill of indictment in noncapital felony cases. In such cases, however, G.S. 15-140.1 requires that *"the prosecution shall be on an information signed by the solicitor."* (Italics ours.) The solicitor's signature does not appear upon the purported information. Instead of preparing an information as contemplated by the statute, the solicitor attempted to use the warrant as an information. This is a practice which we do not approve. In any event, the solicitor's failure to affix his signature to the statement of the accusation to which defendant pled guilty rendered the plea void. The solicitor may yet, however, try the defendant on a bill of indictment or upon a valid information.

Where the offense charged is a misdemeanor and defendant's plea is not guilty, the requirements for a waiver of indictment and trial upon an information signed by the solicitor are the same as in noncapital felony cases. G.S. 15-140. In Case No. 50-357, however,

defendant *pled guilty* to a misdemeanor. The sentence imposed in that case is sustained. Notwithstanding, whether the plea be guilty or not guilty, in all cases the better practice is the preparation of an information.

As to Case No. 50-357,
No error.
As to Case No. 50-358,
Judgment arrested.