STATE OF NORTH CAROLINA v. CHARLES K. PARRISH.

(Filed 10 April 1968.)

**Burglary and Unlawful Breakings § 8—**

Sentence of imprisonment of three to five years, imposed upon defendant's plea of guilty to the charge of felonious breaking and entering of a store building, is within the statutory maximum provided by G.S. 14-54 and is not excessive nor cruel and unusual in the constitutional sense.

APPEAL by defendant from *Johnston, J.,* 4 September 1967 Criminal Session of FORSYTH.

On 10 June 1967, defendant was arrested upon a warrant issued

by the Municipal Court of Winston-Salem, which charged him with store breaking and larceny. He. waived preliminary hearing and was bound over to the Superior Court. Upon defendant's affidavit of indigency, on 26 June 1967, J. F. Montsinger, Attorney-at-Law, was appointed to represent him. Thereafter, defendant's mother made an affidavit in which she averred that he was mentally incompetent. Upon motion of his attorney on 29 June 1967, defendant was committed to a State hospital for observation as provided by G.S. 122-91. Forty-five days later, the assistant superintendent and the clinical director of Cherry Hospital certified to the court that defendant was of average intelligence with more than the usual amount of manual dexterity; that he did not deny the charges pending against him and was aware of their probable consequences; that he knew right from wrong; and that he was able to plead to the bill of indictment and to consult with counsel in the preparation of his defense.

At the 24 July 1967 Session of the Superior Court, the grand jury returned a true bill of indictment which charged (1) that defendant feloniously broke and entered the building occupied by Clinton E. Smith, trading as C. E. Smith Service and Grocery, with the intent to steal merchandise and property located therein; and (2) that defendant, by breaking and entering said store building, did feloniously steal and carry away one transistor radio, the property of C. E. Smith and having a value of $6.00.

At the following September Session, defendant, in open court, entered a plea of guilty to store breaking and larceny as charged in the bill of indictment. Before passing judgment, Judge Johnston heard the testimony of the arresting officer, R. E. Pierce, who said in substance: After observing two broken windows in Smith's Grocery, he saw defendant in the store. When he ordered defendant to come out the way he went in, defendant climbed out through one of the broken windows. At the time defendant had in his pocket a transistor radio, valued at $10.00-$15.00, which belonged to Mr. Clinton Smith.

The record discloses that defendant, aged 34, had served four previous sentences for breaking and entering and two for larceny. In 1951, while he was in the Army, defendant was convicted of grand larceny and sentenced to three years. As a result, he received a dishonorable discharge. He had been out of prison only eight days when he committed the crime charged in the bill of indictment.

His Honor consolidated the two counts in the bill of indictment for judgment and sentenced defendant to the common jail for a term of not less than three nor more than five years to be assigned to work under the supervision of the North Carolina Department

of Correction. After defendant had been committed to the custody of the department, he himself gave notice of appeal by letter to the Clerk of the Superior Court. The court directed Mr. Motsinger to perfect and prosecute his appeal at the expense of the State of North Carolina.

*T. W. Bruton, Attorney General and Harry W. McGalliard, Deputy Attorney General for the State.*
*J. F. Motsinger for defendant.*

PER CURIAM. Defendant's only contention is that his sentence of 3-5 years is "excessive and unconstitutional." The punishment for feloniously breaking and entering a store building containing personal property is imprisonment in the State's prison or county jail for not less than 4 months nor more than 10 years. G.S. 14-54. Defendant's sentence, being within the statutory limits, is not excessive; nor is it cruel and unusual punishment. *State v. Robinson,* 271 N.C. 448, 156 S.E. 2d 854; *State v. Bruce,* 268 N.C. 174, 150 S.E. 2d 216.

No error.