## STATE OF NORTH CAROLINA v. TONY ERVIN JOHNSON

### No. 697SC44

(Filed 23 July 1969)

**1. Criminal Law § 166— the brief — abandonment of assignments of error**

Assignment of error for which no argument is set forth nor authority cited in defendant's brief is deemed abandoned. Rule of Practice in the Court of Appeals No. 28.

**2. Constitutional Law § 36; Criminal Law § 138; Infants § 10— sentencing of juvenile — felonies — cruel and excessive punishment**

Sentence of imprisonment of one to three years in a youthful offender's camp, which was imposed upon juvenile's plea of guilty to three bills of indictment each charging felonious breaking and entering and felonious larceny, was within statutory limits and cannot be considered excessive, cruel or unreasonable.

**3. Appeal and Error § 46; Criminal Law § 158— presumption — regularity of judicial acts**

Unless the contrary is made to appear, it will be presumed that judicial acts and duties have been duly and regularly performed.

**4. Appeal and Error § 46; Criminal Law § 158— the record — presumption arising from matters omitted**

Where the record is silent upon a particular point, the action of the trial judge will be presumed correct.

**5. Courts § 16; Criminal Law § 23— defect in juvenile court proceeding — guilty plea — waiver**

By his failure to raise the question and by his plea of guilty in the superior court at a time when he was represented by counsel, defendant waived any defect in the juvenile court proceedings which resulted in his being brought to trial in the superior court pursuant to G.S. 110-29(6).

**6. Constitutional Law § 37— waiver of constitutional rights — procedural matters**

Defendant may waive a constitutional right relating to a mere matter of practice or procedure.

APPEAL by defendant from *Crissman, J.,* 19 August 1968 Regular Criminal Session of NASH Superior Court.

On a sworn petition filed by a resident of Nash County, the judge of the juvenile court of the city of Rocky Mount entered an order dated 11 July 1968 finding defendant to be a child more than fourteen and less than sixteen years of age, that there was probable cause that defendant had committed the felonies of breaking and entering certain designated premises, and that defendant at the time

of the alleged offenses was an escapee from the Eastern Carolina Boys School. The order further found that defendant was a delinquent and incorrigible, and on these findings the judge of the juvenile court concluded that the case should be brought to the attention of the judge of superior court as provided in G.S. 110-29(6), and accordingly ordered defendant bound over to the superior court for trial. At the August 1968 Session of Nash Superior Court the grand jury returned three true bills of indictment, each charging defendant with the crimes of felonious breaking and entering and felonious larceny. Defendant was brought to trial on these indictments in the superior court, where he was represented by counsel and pleaded guilty. The court consolidated all cases for purposes of judgment and sentenced defendant to a term of not less than one nor more than three years, assigning defendant to a youthful offender's camp under G.S. 148-49.1. Defendant appealed, and upon showing of indigency the court appointed counsel, other than the counsel who had represented defendant at the trial, to represent defendant in connection with this appeal.

*Attorney General Robert Morgan and Assistant Attorney General George A. Goodwyn for the State.*

*John E. Davenport for defendant appellant.*

PARKER, J.

**[1, 2]** The sole assignment of error in the record is that the court erred in pronouncing an excessive, cruel and unreasonable punishment and that the record proper does not support the judgment. Appellant's brief sets forth no argument and cites no authority in support of the contention that the punishment imposed was excessive. Therefore, that portion of the assignment of error is deemed abandoned. Rule 28, Rules of Practice in the Court of Appeals; *State v. Jetton*, 1 N.C. App. 567, 162 S.E. 2d 102. In any event it is clear that the sentence imposed was within statutory limits and cannot be considered excessive, cruel or unreasonable. *State v. Parrish*, 273 N.C. 477, 160 S.E. 2d 153; *State v. Robinson*, 271 N.C. 448, 156 S.E. 2d 854; *State v. Bruce*, 268 N.C. 174, 150 S.E. 2d 216.

In his brief appellant argues that the record proper does not support the judgment in that he was denied constitutional due process at the hearing in the juvenile court which resulted in the order of that court waiving its jurisdiction and binding defendant over for trial in the superior court. Specifically, he contends that (1) the record proper does not show service of a copy of the peti-

tion on which the juvenile court's order was entered upon defend-
ant or upon his parents, and (2) the juvenile court did not advise
defendant of his right to be represented by counsel and to be supplied counsel if he were found indigent. Defendant argues that the
decision of the Supreme Court of the United States in *Kent v. United
States,* 383 U.S. 541, 16 L. ed. 2d 84, 86 S. Ct. 1045, as read in the
light of the later decision in the case of *In re Gault,* 387 U.S. 1, 18
L. ed. 2d 527, 87 S. Ct. 1428, imposed constitutional standards of
due process upon state juvenile court proceedings held for the pur-
pose of determining whether the juvenile court should waive its ju-
risdiction so that the juvenile might be tried as an adult in the
criminal courts. At the outset, it may be noted that the authorities
are not altogether in agreement as to whether *Kent,* even when read
in the light of *Gault,* had the effect of imposing constitutional stand-
ards of due process upon such state juvenile court proceedings, as
contrasted with proceedings in state juvenile courts which may lead
directly to confinement of the juvenile. For decisions that constitu-
tional standards are applicable to waiver proceedings in state ju-
venile courts see *State v. Steinhauer,* 216 So. 2d 214 (Fla. 1968); *In
re Harris,* 64 Cal. Rptr. 319, 434 P. 2d 615; *Smith v. Common-
wealth,* 412 S.W. 2d 256 (Ky. 1967), cert. denied, 389 U.S. 873. For
decisions *contra* see *Cradle v. Peyton,* 208 Va. 243, 156 S.E. 2d 874,
cert. denied, 392 U.S. 945; *Stanley v. Peyton,* 292 F. Supp. 209. For
discussion of the entire problem see Schornhorst, *The Waiver of
Juvenile Court Jurisdiction: Kent Revisited,* 43 Ind. L.J. 583.

**[3, 4]** We do not deem it either necessary or proper, however, in
the present case to decide the question which defendant seeks to
raise by the argument presented in his brief, since the question is
not presented by the record before us. In the first place, the record
before us does not indicate that no notice of the juvenile court hear-
ing was given defendant and his parents nor does it indicate that
they were not in fact present at that hearing; it is merely silent on
the subject. Nor does the record disclose that at the hearing defend-
ant was not advised of his right to be represented by counsel or to
have counsel appointed for him if he could not afford one; again,
the record is merely silent on the subject. The record does affirm-
atively show that defendant was represented by counsel (whether
privately employed or court-appointed not being shown) at the
time of his trial in superior court. "Unless the contrary is made to
appear, it will be presumed that judicial acts and duties have been
duly and regularly performed. Where the record is silent upon a
particular point, the action of the trial judge will be presumed cor-
rect." 1 Strong, N.C. Index 2d, Appeal and Error, § 46, p. 191.

**[5, 6]** More importantly, the record before us does affirmatively show that when defendant was brought to trial in superior court, at which time the record shows he was represented by counsel, he pleaded guilty. At that time he failed to raise any question as to the validity of the juvenile court proceedings which had resulted in his being bound over for trial in the superior court pursuant to G.S. 110-29(6). By his failure to raise the question in superior court and by his plea of guilty, defendant waived any defect, if indeed any existed, in the proceedings in the juvenile court which resulted in his being brought to trial in the superior court. *Eyman v. Superior Court for County of Pinal,* 9 Ariz. App. 6, 448 P. 2d 878; *Neller v. State,* 79 N.M. 528, 445 P. 2d 949. As stated by Parker, J., (now C.J.) in *State v. Doughtie,* 238 N.C. 228, 231, 77 S.E. 2d 642, 644: "Any defect in the process by which a defendant is brought into court may be waived by him by appearing before the court having jurisdiction of the case. *S. v. Turner, supra* (170 N.C. 701, 86 S.E. 1019); *S. v. Cale, supra* (150 N.C. 805, 63 S.E. 958). The defendant may waive a constitutional right relating to a mere matter of practice or procedure. *Miller v. State,* 237 N.C. 29, 74 S.E. 2d 513."

In the judgment appealed from, we find

No error.

MALLARD, C.J., and BRITT, J., concur.