STATE OF NORTH CAROLINA v. HENRY JOHN GLOVER

No. 75

(Filed 9 May 1973)

1. **Burglary and Unlawful Breakings § 3; Indictment and Warrant § 7—grammatical errors in indictment — sufficiency of indictment**

   Count in an indictment charging defendant with felonious breaking and entering, though grammatically incorrect and phrased in archaic language, was sufficient to inform defendant of the charge against him and supported the judgment entered upon defendant's guilty plea.

2. **Constitutional Law § 28— failure of solicitor to sign information — invalidity of guilty plea**

   Where defendant and his counsel signed a written waiver of the finding of a bill of indictment on a felonious larceny charge, judgment of imprisonment must be arrested, though entered upon defendant's guilty plea, since the solicitor did not sign the information containing the accusation against defendant. G.S. 15-140.1.

APPEAL by defendant from *Judge Harry C. Martin*, 30 May 1972 Session of GASTON, transferred for initial appellate review by the Supreme Court by its blanket order of 26 March 1973, pursuant to G.S. 7A-31(b) (4).

At the 8 May 1972 Session of Lincoln the grand jury returned a bill of indictment charging defendant with felonious breaking and entering and felonious larceny. The first count alleged "That *Henry John Glover* late of the County of Lincoln *on the 17th day of March 1972,* with force and arms at and in the County aforesaid, *a certain dwelling house occupied by one A. D. Shidal, located at Route 2, Vale, North Carolina, wherein merchandise, chattels, money, valuable securities and other personal property were being well kept, unlawfully, wilfully, and feloniously did break and enter with intent to steal, take and carry away* the merchandise, chattels, money, valuable securities and other *personal property of the said, A. D. Shidal* against the

form and Statute in such case made and provided and against the peace and dignity of the State." (Emphasis added.)

The charge in the second count was that on 17 March 1972, *A. D. Shidal*, after having feloniously broken into and entered a certain dwelling house occupied by *A. D. Shidal*, located at Route 2, Vale, North Carolina, with the intent to steal and carry away personal property located therein, did feloniously steal, take and carry away specified personal property belonging to *A. D. Shidal* of the value of more than two hundred dollars ($200.00).

On 19 May 1972 Honorable Harry C. Martin, the judge presiding in the twenty-seventh judicial district, with the consent of defendant and his counsel, transferred the case to Gaston County.

When the case came on for trial there on 30 May 1972 defendant, who was represented by Attorneys Clayton Selvey and Steve Dolly, Jr., entered a plea of guilty to both counts in the bill of indictment. When it was discovered that the second count in the bill was defective because it named as defendant the owner of the property alleged to have been feloniously stolen, defendant and his counsel agreed to waive the finding of a bill. Whereupon the solicitor prepared a writing in the form of an information which contained the accusation that defendant had committed the larceny referred to in the defective second count of the bill of the indictment. Upon this information defendant and his counsel signed a written waiver of the finding of a bill of indictment and a plea of guilty to "the felony of felonious larceny as set out in the within information as upon a true bill found charging the defendant with felonious larceny as aforesaid." The solicitor, however, failed to sign the information.

After examining defendant in open court with reference to his plea, Judge Martin adjudicated that defendant's plea of guilty to both charges was voluntarily and understandingly made after his counsel had fully advised him of his constitutional rights as well as the possible consequences of his plea. The judge also found that the State had substantial evidence to support the charges against defendant.

On the charge of felonious breaking and entering, Judge Martin sentenced defendant to not less than eight years nor more than ten years in the State's prison; on the count of felonious larceny, not less than six nor more than ten years, this sen-

tence to begin at the expiration of the sentence imposed upon the charge of felonious breaking and entering. Commitment was issued on 30 May 1972.

On 5 July 1972 defendant, as "petitioner pro se," filed a petition with the resident or presiding judge of the twenty-seventh judicial district in which he prayed that his pleas of guilty to both the charge of felonious breaking and entering and felonious larceny be stricken. He asserted, *inter alia,* (1) that the archaic wording in the first count of the bill of indictment was so vague and indefinite that it charged no offense; and (2) that the solicitor had failed to sign the information charging him with felonious larceny as required by G.S. 15-140.1.

Judge W. K. McLean heard defendant's petition on 18 September 1972. At that time he permitted the solicitor to sign the information *nunc pro tunc* as of 30 May 1972, and he denied defendant's petition. Thereafter the Court of Appeals allowed defendant's petition for certiorari and directed the Superior Court to appoint counsel to perfect his appeal if it found him to be an indigent. Thereafter Judge Friday appointed Attorney T. Lamar Robinson, Jr., to perfect this appeal.

*Attorney General Morgan; Associate Attorney Wall for the State.*

*Whitesides and Robinson for defendant appellant.*

SHARP, Justice.

We review this case as upon a petition for certiorari to bring up a delayed appeal from the judgments of *Martin, J.,* the theory upon which the record indicates defendant applied to the Court of Appeals for certiorari.

[1] Defendant's first contention, based on his first assignment of error, is that the syntax of "the purported housebreaking and entering count" is so awry that "it fails to aver who did what" and will not, therefore, support the judgment entered upon his plea. Defendant, who personally regards this contention as irrefutable, has insisted that his less-sanguine counsel not abandon it on appeal.

We concede that any pupil who submitted Count One in a composition to any teacher of English grammar would be flunked promptly. Nevertheless, we are constrained to hold that it receives a passing grade in a court of law. Albeit the phraseology

of Count One is archaic, the words which we have italicized in the statement of facts are "grown reverend by age." Yet they still suffice to inform defendant of the accusation against him. The essential elements of the crime of felonious housebreaking are set forth with such certainty as to identify the offense with which defendant is sought to be charged, to protect him from being twice put in jeopardy for the same offense, to enable him to prepare for trial, and to enable the court, on conviction or plea of guilty or *nolo contendere* to pronounce sentence. *State v. Greer,* 238 N.C. 325, 77 S.E. 2d 917 (1953). *See also State v. Sellers,* 273 N.C. 641, 642, 161 S.E. 2d 15, 16 (1968). Defendant's first assignment of error is not sustained.

[2] Defendant's second contention is that the court erred in pronouncing judgment upon his plea to the charge of felonious larceny contained in an information which the solicitor had not signed. This contention must be sustained.

G.S. 15-140.1 (1965) permits a defendant charged with a non-capital felony to waive the finding and return into court of a bill of indictment when both he and his counsel sign a written waiver. When this is done the statute provides that *"the prosecution shall be on an information signed by the solicitor."* (Emphasis added.) This requirement is mandatory.

In *State v. Bethea,* 272 N.C. 521, 158 S.E. 2d 591 (1968), the solicitor attempted to use as an information a warrant which charged felonious breaking and entering and larceny. The defendant and his counsel, by a notation upon the warrant, waived the finding of a bill of indictment and thereafter the defendant pled guilty to felonious breaking and entering and nonfelonious larceny. Upon the defendant's appeal from the sentences imposed, this Court disapproved the use of a warrant as an information and said, "In any event, the solicitor's failure to affix his signature to the statement of accusation to which defendant pled guilty rendered the plea void. The solicitor may yet, however, try the defendant on a bill of indictment or upon a valid information." *Id.* at 522, 158 S.E. 2d at 592. *See also State v. Thomas,* 236 N.C. 454, 73 S.E. 2d 283 (1952). *Cf. State v. Sellers, supra* at 651, 161 S.E. 2d at 22.

As to the judgment imposed upon the first count in the bill of indictment, which charged felonious breaking and entering,

No error.

As to the judgment imposed upon the charge of felonious larceny contained in the information,

Judgment arrested.