STATE OF NORTH CAROLINA v. TERRY JOHNSON

No. 7520SC950

(Filed 7 April 1976)

1. Criminal Law § 66— out-of-court showup — independent origin of in-court identification

   The evidence on *voir dire* supported the trial court's determination that a robbery victim's in-court identification of defendant was of independent origin and was not tainted by her out-of-court identification of defendant when officers brought defendant to the store in which the victim worked some forty-five minutes after the robbery.

2. Criminal Law § 75— incriminating statements to police dispatcher — absence of constitutional warnings

   The trial court in an armed robbery case properly allowed a person employed as a dispatcher with the police department to testify that while visiting a relative who was sharing a jail cell with defendant, defendant told her he was charged with armed robbery and answered in the affirmative when she asked him if he was guilty, notwithstanding the dispatcher did not advise defendant of his constitutional rights, where the court found that the dispatcher was not a law enforcement officer, did not make criminal investigations or interview witnesses or defendants, and was not acting as a police officer when she talked with defendant.

APPEAL by defendant from *Rousseau, Judge.* Judgment entered 18 July 1975 in Superior Court, RICHMOND County. Heard in the Court of Appeals 11 March 1976.

Defendant was tried on a bill of indictment charging him with the armed robbery of Sandra Hough. He pled not guilty and evidence presented by the State is summarized in pertinent part as follows:

Ms. Hough testified that she was working at a Kwik Pik Store near Rockingham at 10:45 p.m. on 16 May 1975 when a white male with a stocking over his head entered the store and robbed her at gunpoint. She identified defendant as the robber.

Two police officers testified that Ms. Hough's description of the man who robbed her was broadcast to patrol cars and a deputy sheriff, who had heard the broadcast, saw defendant enter a beer joint known as the Rebel Inn about 11:00 p.m. The deputy entered the Rebel Inn, arrested defendant but found no money.

Hassel Lee Patton, a friend of defendant's, testified that he was in the Rebel Inn when defendant entered; that just before defendant was arrested he called Patton into the bathroom and "stuffed both of my front pockets full of money." He told Patton not to spend the money and the next morning defendant went to the motel where Patton was staying and reclaimed the money.

Debra Teal testified that on an occasion before trial she visited a relative who was sharing a jail cell with defendant. She casually asked defendant what he was in jail for and he replied "violation of probation and armed robbery." She then asked him if he was guilty and defendant replied: "Yes, I done it, but they got to prove it."

Defendant offered no evidence.

The jury found defendant guilty as charged and from judgment imposing prison sentence of 30 years, he appealed.

*Attorney General Edmisten, by Assistant Attorney General Robert R. Reilly, for the State.*

*Webb, Lee, Davis, Gibson & Gunter, by Joseph G. Davis, Jr., for defendant appellant.*

BRITT, Judge.

[1] By his first assignment of error defendant contends the court erred in permitting the victim of the robbery to make an in-court identification of him for the reason that the identification was influenced by an impermissibly suggestive out-of-court identification. We find no merit in the assignment.

Before Ms. Hough was allowed to testify in the presence of the jury, the court conducted a voir dire at which she and two police officers testified. She related the vivid description of her robber which she gave to police immediately after the robbery and stated that the person (defendant) which police brought to the store some forty-five minutes later was the

robber. The police corroborated her testimony with respect to the description of the robber which she provided. They also testified that they arrested defendant at the Rebel Inn "for questioning" and he agreed to go with them to the Kwik Pik Store. The court made findings of fact substantially as testified to by the witnesses and concluded that the victim's identification of defendant was based on her observation of him at the time of the robbery, that the identification was of independent origin and was in no way tainted or influenced by an impermissibly suggestive confrontation.

We hold that the court's findings were supported by competent, clear, and convincing evidence, and that the findings fully support the conclusions of law and the admission of the testimony. Our holding finds support in many cases including *Kirby v. Illinois,* 406 U.S. 682, 32 L.Ed. 2d 411, 92 S.Ct. 1877 (1972) ; *United States v. Cunningham,* 346 F. 2d 907 (D.C. Cir. 1970) ; and *Terry v. Peyton,* 433 F. 2d 1016 (4th Cir. 1970).

[2]   In his other assignment of error defendant contends the court erred in admitting the testimony of Debra Teal for the reason that on the date she allegedly talked with him she was employed by the Rockingham Police Department and that she did not advise him of his constitutional rights. This assignment has no merit.

The court conducted a voir dire with respect to Miss Teal's testimony and found as facts that on the date in question she was employed by the City of Rockingham as a radio dispatcher with the police department; that her duties included answering the telephone, dispatching cars to wreck scenes, answering the "PIN" machine and taking calls from the fire department and rescue squad; that she was not a sworn police officer and did not have the power of arrest; that she did not make criminal investigations, did not interview witnesses or defendants and was not employed to take statements from anyone. The court concluded that at the time she talked with defendant that she was not in any way acting as a police officer, and, in fact, was not a law enforcement officer, and that even though defendant was in custody her talking with him was not a police interrogation.

The question appears to be one of first impression and while we are unable to cite any direct authority to support our holding, we conclude that the admission of Miss Teal's testi-

mony was proper in view of the findings of fact and conclusions of law made by the trial judge.

We hold that defendant received a fair trial, free from prejudicial error.

No error.

Judges PARKER and CLARK concur.