STATE OF NORTH CAROLINA v. SHERRY CONARD

No. 8129SC589

(Filed 1 December 1981)

1. Criminal Law § 75.13— statement to magistrate—no Miranda warnings—admission proper

Statements by defendant to a county magistrate were properly admissible in the absence of Miranda warnings as defendant specifically asked to talk with the magistrate, the magistrate was not engaged in law enforcement, the magistrate was not acting as a law enforcement officer at the time she talked with defendant, and where the court's finding that the confession was voluntarily and understandingly made was supported by the evidence.

2. Criminal Law § 16.1— felony murder—jurisdiction of superior court

A fifteen-year-old defendant's case was properly transferred to superior court for trial as mandated by N.C. Gen. Stat. § 7A-608 where there was sufficient evidence for the trial judge to find that the defendant participated in felonious larceny, from which a felony murder resulted.

3. Criminal Law § 138; Robbery § 6.1— sentence within statutory limits—armed robbery

Where defendant was sentenced to imprisonment for 30 years minimum and 30 years maximum for armed robbery and to a sentence of 30 years

minimum and 30 years maximum for murder, the trial court rendered sentences which fell within the appropriate statutory limits and the record indicated no abuse of discretion.

APPEAL by defendant from *Howell, Judge.* Judgment entered 22 January 1981 in Superior Court, POLK County. Heard in the Court of Appeals 16 November 1981.

On 15 October 1980, a juvenile petition was filed in Polk County District Court against the fifteen year old defendant, alleging her to be a delinquent child for having committed murder. Another juvenile petition was filed on 17 October 1980 alleging that defendant was delinquent for having committed armed robbery. A probable cause hearing was held on these petitions at which time the State amended the first petition to allege that the defendant had committed felony murder. The District Court found probable cause as to the murder and armed robbery and transferred the cases to Superior Court. The defendant was found guilty of murder in the second degree and armed robbery in a jury trial. From a sentence of imprisonment for 30 years minimum and 30 years maximum for the armed robbery conviction, and a sentence of 30 years minimum and 30 years maximum on the murder conviction, the sentences to run concurrently, defendant appealed.

The State's evidence tended to show that on 13 October 1980, the defendant asked her nineteen year old friend Collene Wright to help her "roll this guy." The defendant was going to try to get the man's pants down to where she could get his billfold and kick it out the door and wanted Wright to get it and make some excuse for the defendant to leave. They met the man, Bill Burnette, now deceased, and rode with him in his truck into the woods where they began drinking beer and taking speed and quaaludes. Burnette asked the two girls to help him sell some drugs, and the three of them rode around trying to sell speed.

Burnette and the two girls went to an abandoned house at Holbert's Cove to drink beer. As Burnette and the defendant were walking toward the house, Wright got a gun out of the dash of the truck, a gun that Burnette had showed the girls earlier that day. At some point the defendant had told Wright that "we'd have to kill him to get his money." They went inside and drank beer and on the way out, Wright shot Burnette. After Burnette

fell, the defendant got his money out of his pockets. The defendant did not present any evidence.

*Attorney General Edmisten by Assistant Attorney General Harry H. Harkins, Jr., for the State.*

*Lee Atkins for the defendant-appellant.*

MARTIN (Robert M.), Judge.

[1] The defendant first assigns as error the admission into evidence of statements made by defendant to Hazel Wiggins, a Polk County Magistrate. The defendant asked to speak with Mrs. Wiggins, whom defendant knew well because Mrs. Wiggins had worked with the defendant in the past as a juvenile officer. Mrs. Wiggins testified that the defendant told her that "you've always tried to help me and I want you to know the truth about the whole thing." The defendant alleges that her statement to Mrs. Wiggins is not admissible because the requirements of *Miranda v. Arizona,* 384 U.S. 436, 16 L.Ed. 2d 694, 86 S.Ct. 1602 (1966), were not met.

Miranda warnings are only required when an accused is subjected to custodial interrogation. *State v. Fletcher* and *State v. St. Arnold,* 279 N.C. 85, 181 S.E. 2d 405 (1971). Custodial interrogation is a questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom. *State v. Thomas,* 284 N.C. 212, 200 S.E. 2d 3 (1973). In this case the defendant was in custody. The trial court, however, concluded that Mrs. Wiggins "was not an employee of the Polk County Sheriff's Department or any law enforcement agency of the State of North Carolina, but was a Magistrate . . . and did not interrogate as a Police Officer or Agent or Representative of any Law Enforcement Agency . . ." We agree with the trial court.

In *State v. Johnson,* 29 N.C. App. 141, 223 S.E. 2d 400, *disc. rev. denied,* 290 N.C. 310, 225 S.E. 2d 831 (1976), this Court refused to exclude inculpatory statements made by a defendant in custody to a radio dispatcher employed by the police department. The Court concluded that the dispatcher "was not a sworn police officer and did not have the power of arrest; . . . did not make criminal investigations, did not interview witnesses or defendants and was not employed to take statements from anyone . . . was

not in any way acting as a police officer, and, in fact, was not a law enforcement officer, and that even though defendant was in custody her talking with him was not a police interrogation." Id. at 143, 223 S.E. 2d 402.

The Johnson case controls the case at bar. The only difference is that in the present case Mrs. Wiggins was a judicial official; while in *Johnson* the witness was a civilian employee of the police department. Neither woman was engaged in law enforcement, although both worked closely with law enforcement officials and both worked in the building where the law enforcement agencies were located. Neither witness was acting as a law enforcement officer at the time that she talked with the defendant. Further, in the present case the defendant specifically asked to talk with Mrs. Wiggins, while in *Johnson* the dispatcher initiated the conversation. The admission of Mrs. Wiggins' testimony was proper in view of the findings of fact and conclusions of law made by the trial judge.

The defendant next contends that her statement to Mrs. Wiggins was not made voluntarily as required by *State v. Cooper*, 286 N.C. 549, 213 S.E. 2d 305 (1975). "In determining whether a minor's in-custody confession was voluntarily and understandingly made the judge will consider not only his age but his intelligence, education, experience, the fact that he was in custody, and any other factor bearing upon the question. In other words, 'the "totality of circumstances" rule for admission of out-of-court confessions applies to the confessions of minors as well as adults.' " (Citation omitted.) *State v. Lynch*, 279 N.C. 1, 13, 181 S.E. 2d 561, 568-69 (1971). The trial court's finding that a confession was voluntarily and understandingly made is conclusive on appeal if there is evidence in the record to support it. *State v. Cooper, supra; State v. Fox*, 277 N.C. 1, 175 S.E. 2d 561 (1970).

In this instance the trial court found that at the time the defendant made the statement in question, she was coherent, rational and not under the influence of drugs or alcohol. The court concluded as follows:

> [T]hat [the] statement made by defendant to the extent that it implicates her in any crime was made freely and voluntarily and was not the result of coercion, inducement or any other factor that would constitute the statement involuntary,

as defined by applicable law and that the Court concludes that the above-mentioned statements are true notwithstanding the youth and immaturity of the defendant, this all being taken into account by the Court in making these conclusions.

The testimony of Mrs. Wiggins and of Mary Jane Miller, a matron in the jail, supports the trial court's findings that the defendant made her statement voluntarily. Thus defendant's assignment of error is without merit and is overruled.

[2] In her third assignment of error the defendant argues that the trial court should have granted the defendant's motion to set aside the verdict for lack of jurisdiction of the superior court, because there was insufficient evidence produced at the probable cause hearing to support the transfer of the case from district court to superior court pursuant to N.C. Gen. Stat. § 7A-608. We disagree.

Considering the written statements introduced at the preliminary hearing and the stipulations of counsel, there was sufficient evidence for the trial judge to find that the defendant participated in felonious larceny, from which a felony murder resulted. The trial judge properly transferred the offense to superior court for trial as mandated by N.C. Gen. Stat. § 7A-608.

[3] In the defendant's final assignment of error, she contends that the sentences imposed upon her are so disproportionate to her guilt that they violate due process of law as guaranteed by the federal and state constitutions.

Our Court has held that ". . . so long as the punishment rendered is within the maximum provided by law, an appellate court must assume that the trial judge acted fairly, reasonably and impartially in the performance of his office. *State v. Spencer*, 7 N.C. App. 282, 285, 172 S.E. 2d 280, 282, *modified and affirmed* 276 N.C. 535, 173 S.E. 2d 765 (1970). Furthermore, when the sentence imposed is ". . . within statutory limits . . . [it] cannot be considered excessive, cruel or unreasonable." *State v. Johnson*, 5 N.C. App. 469, 470, 168 S.E. 2d 709, 711 (1969). Notwithstanding the principle that such sentences are nonreviewable, appellate courts have reviewed sentences when the particular sanction imposed is clearly harsh, gross and abusive. Only when such an abuse of discretion is readily discernible will appellate courts intercede. *State v. Harris*, 27 N.C. App. 385, 219 S.E. 2d 306 (1975).

---
**In re Foreclosure of Deed of Trust**

---

In this case the trial court rendered a sentence which falls within the appropriate statutory limit and the record indicates no abuse of discretion. Therefore, defendant's assignment of error is without merit and is overruled.

No error.

Chief Judge MORRIS and Judge HEDRICK concur.